OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*955 Defendant was convicted of criminally negligent homicide (Penal Law § 125.10),* based upon his having twice injected his girlfriend with cocaine on the night she died from a drug overdose. On appeal, he contends that his conviction should be reversed and the indictment against him dismissed on the ground that the evidence introduced at his trial was legally insufficient to support the jury’s guilty verdict. We cannot agree.
The proof adduced at trial demonstrated that, on the night in question, defendant injected the decedent with her first two doses of cocaine, knowing full well that she planned to continue taking injections that evening until their relatively substantial supply of that drug had been exhausted. Although the decedent subsequently administered her own injections, including the one which immediately preceded her death, an expert witness called by the People testified that each of the injections, including the two given to the decedent by defendant, was a contributing cause of her death.
Viewing this evidence in a light most favorable to the People (see, People v Bleakley, 69 NY2d 490, 495; People v Contes, 60 NY2d 620, 621), we conclude that the jury could have reasonably found that defendant’s actions were a "sufficiently direct cause” of death to subject him to criminal liability (People v Warner-Lambert Co., 51 NY2d 295, 307; People v Kibbe, 35 NY2d 407, 412; see, Matter of Anthony M., 63 NY2d 270, 280-281; People v Cruciani, 36 NY2d 304; Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 125, at 497-498). Contrary to defendant’s contention, the "ultimate harm” here was something which he should have, under the circumstances, plainly "foreseen as being reasonably related to [his] acts” (People v Kibbe, 35 NY2d 407, 412, supra; see, Matter of Anthony M., 63 NY2d 270, 280-281, supra; People v Warner-Lambert Co., 51 NY2d 295, supra; People v Stewart, 40 NY2d 692, 697).
We likewise disagree with defendant’s assertion that the People failed to prove, as a matter of law, that he acted with criminal negligence. Viewing the evidence, as we must, in a light most favorable to the prosecution, we conclude that the jury could have rationally found that defendant, by intravenously administering cocaine to the decedent when he knew that she intended to continue taking injections of that drug throughout the night, had created "a substantial and unjustifi *956 able risk” that his actions would contribute to her death, and that this "risk [was] of such nature and degree that [defendant’s] failure to perceive it constitute^] a gross deviation from the standard of care that a reasonable person would observe in the situation” (Penal Law § 15.05 [4]; § 125.10; see, People v Boutin, 75 NY2d 692; People v Ricardo B., 73 NY2d 228, 235-236; People v Haney, 30 NY2d 328; see also, People v Cruciani, 36 NY2d 304, supra).
We have examined defendant’s remaining contentions and find them to be without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.

 Defendant was also convicted of criminal injection of a narcotic drug (Penal Law § 220.46).