OPINION OF THE COURT
 

 Ciparick, J.
 

 The issue to be considered in this appeal is under what circumstances a fleeing felon’s actions cause another’s death for purposes of Penal Law § 125.25 (3), the felony murder statute.
 

 There was evidence at trial that, in the early morning hours of October 17, 1989, defendant, Eddie Matos, and two accomplices broke into a McDonald’s restaurant on Seventh Avenue and 40th Street in Manhattan by shattering the glass door with a sledgehammer. Once inside, Matos and his accomplices rounded up the employees at gunpoint. A maintenance worker, however, managed to escape and then returned to the restaurant with three police officers. As they approached the restaurant, they saw Matos run toward the back of the
 
 *511
 
 restaurant. The officers ran into the restaurant in time to see Matos climb up a ladder that led to the roof. Police Officer Dwyer hurriedly climbed up the ladder right behind Matos. About 10 seconds later, another officer, Sergeant Flanagan, proceeded up the ladder to the roof and later discovered Dwyer lying on his back about 25 feet down an airshaft. It took emergency services personnel about 45 minutes to rescue Dwyer from the airshaft, but he was later pronounced dead at Bellevue Hospital.
 

 The Appellate Division affirmed the conviction of murder in the second degree, burglary in the second degree and attempted robbery. The Court concluded that the elements of felony murder were established. A Judge of this Court granted leave to appeal and we now affirm.
 

 It is well established that in order for criminal responsibility to attach, a defendant’s actions must have been an actual contributory cause of death
 
 (People v Stewart,
 
 40 NY2d 692, 697). It must be shown that the defendant sets in motion the events which ultimately result in the victim’s death
 
 (People v Kibbe,
 
 35 NY2d 407). However, the defendant’s acts need not be the sole cause of death
 
 (Matter of Anthony M.,
 
 63 NY2d 270, 280).
 

 Here, defendant’s conduct set in motion and legally caused the death of Police Officer Dwyer. Had defendant not first committed an armed violent felony and then attempted to escape by way of the roof, the officer would not have pursued him onto the roof, thereafter plunging to his death in the airshaft.
 

 The trial court stressed to the jury that "but for” causation was only one step in determining cause in the criminal context, an aspect defendant-appellant does not dispute. Additionally, the jury was told that it must also find that defendant’s conduct was a sufficiently direct cause of the ensuing death before it could impose criminal responsibility. The defendant’s conduct qualifies as a sufficiently direct cause when the ultimate harm should have been reasonably foreseen
 
 (People v Kibbe,
 
 35 NY2d, at 412,
 
 supra).
 

 The accused need not commit the final, fatal act to be culpable for causing death. In
 
 Kibbe,
 
 the fatal act was inflicted by a passing truck driver who struck and killed the victim. The defendants were held to have caused his death, for the event was a directly foreseeable consequence of their own earlier act of abandoning the victim on the shoulder of a
 
 *512
 
 highway. In
 
 People v Kern
 
 (75 NY2d 638), the "Howard Beach” defendants were held to have caused their victim’s death even though he was actually killed by the intervening act of a passing motorist.
 

 In
 
 People v Hernandez
 
 (82 NY2d 309), this Court held that the defendants initiated or participated in the chain of events that led to an officer’s death by attempting to rob an undercover officer in a failed drug transaction. Since, in initiating a gun battle, they should have foreseen that someone’s bullet might go astray, their conduct was a sufficiently direct cause of a backup officer’s death even though the shot which killed him was fired by another officer. The Court held
 
 (supra,
 
 at 319) that "[ijmmediate flight and attempts to thwart apprehension are patently within the furtherance of the cofelons’ criminal objective,” citing
 
 People v Gladman
 
 (41 NY2d 123). The Court further noted that foreseeability does not mean that the result must be the most likely event.
 

 In the instant case, the jury was correctly given the issue as to whether it was foreseeable that upon defendant’s attempt to escape by way of the roof, he would be pursued by an officer. In those circumstances it should also be foreseeable that someone might fall while in hot pursuit across urban roofs in the middle of the night.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith and Levine concur; Judge Titone taking no part.
 

 Order affirmed.