8 F.Supp.2d 246 (1998)
UNITED STATES of America
v.
Francis X. LIVOTI, Defendant.
No. 98 Cr. 25(SAS).
United States District Court, S.D. New York.
March 25, 1998.
*247 Andrew S. Dember, Serene K. Nakano, New York City, for Plaintiff.
Stuart London, White Plains, NY, for Defendant.

OPINION AND ORDER
SCHEINDLIN, District Judge.
Defendant Francis Livoti moves (1) to dismiss the Indictment against him on the ground that this prosecution is barred by the double jeopardy clause of the Fifth Amendment of the United States Constitution; (2) for a pre-voir dire change of situs and change of venue; (3) for a bill of particulars pursuant to Fed.R.Crim.P. 7(f); (4) to compel the Government to disclose "as soon as possible" whether it intends to offer evidence at trial pursuant to Fed.R.Evid. 404(b); and (5) to compel the Government to disclose all material with which it may seek to impeach the Defendant at trial pursuant to Fed.R.Evid. 608 and 609. I will address each motion in turn.

I. Motion to Dismiss the Indictment

A. Factual Background

The Indictment in this case, which was filed on January 13, 1998, charges Livoti with violating the civil rights of Anthony Baez, in violation of 18 U.S.C. § 242. Specifically, Livoti is charged in his former capacity as a New York City Police Officer with willfully assaulting Anthony Baez, resulting in bodily injury to Baez and thereby willfully depriving him of a right secured and protected by the Constitution and the laws of the United States, namely the right to be secure in his person free from the use of unreasonable force by one making an arrest under color of law.
Before this Indictment was filed, Livoti was charged in New York State Supreme Court in Bronx County with the crime of criminally negligent homicide in violation of New York Penal Law § 125.10. That case was based on the same incident that serves as the basis for this Indictment. Livoti was found not guilty in the state case, following a non-jury trial in October 1996.

B. Discussion

Defendant argues that the federal Indictment charging him with violating § 242 violates the double jeopardy clause because he was previously charged with and acquitted of criminally negligent homicide in state court.

1. The Blockburger Test

Criminal offenses under two statutory provisions are different for purposes of double jeopardy if "each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); United States v. Liller, 999 F.2d 61, 62-63 (2d Cir.1993). Title 18 U.S.C. § 242 requires proof of at least two elements that are not required by N.Y. Penal Law § 125.10:(1) that the defendant acted under color of law; and (2) that in so doing, he willfully deprived *248 another person of a right secured and protected by the Constitution and laws of the United States. 18 U.S.C. § 242; United States v. Langer, 958 F.2d 522, 523-24 (2d Cir.1992); United States v. Schatzle, 901 F.2d 252, 257 (2d Cir.1990); 1 L. Sand, et al., Modern Federal Jury Instructions, ¶ 17.01 at 17-4 (1997).
Similarly, § 125.10 requires proof of elements that are not required by § 242:(1) that the defendant committed an act creating a substantial and unjustifiable risk of death to another person; (2) that at the time the defendant acted, he failed to perceive the substantial and unjustifiable risk of the other person's death; (3) that the defendant's failure to perceive this risk constituted a gross deviation from the standard of care that a reasonable person would observe in the situation; and (4) that the defendant's act caused the other person's death. N.Y. Penal Law § 15.05; § 125.10; People v. Boutin, 75 N.Y.2d 692, 696, 556 N.Y.S.2d 1, 555 N.E.2d 253 (1990); People v. Galle, 77 N.Y.2d 953, 955-56, 570 N.Y.S.2d 481, 573 N.E.2d 569 (1991).
Accordingly, the Indictment charges Livoti with violating a federal statute which, under the Blockburger test, is different than the state statute under which he was previously prosecuted.

2. The Doctrine of Dual Sovereignty

Moreover, even if the two statutes were the "same" under Blockburger, the doctrine of "dual sovereignty" would defeat Livoti's double jeopardy claim. It is well-established that "under the dual sovereignty doctrine a federal indictment charging conduct that was previously the subject of a state prosecution simply does not implicate the double jeopardy clause." United States v. Giovanelli, 945 F.2d 479, 492 (2d Cir.1991). Accord Heath v. Alabama, 474 U.S. 82, 88-89, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985); United States v. Davis, 906 F.2d 829, 831 (2d Cir.1990). Thus, Livoti's motion to dismiss the Indictment as violative of the double jeopardy clause is denied.

II. Motions for Change of Situs and Change of Venue
Livoti moves to have the situs of this trial changed from the Foley Square courthouse in Manhattan to the Southern District of New York courthouse in White Plains, or in the alternative, to have this action transferred to the Northern District of New York. Livoti asserts that these transfers are justified because (1) "the greater metropolitan area has been inundated with massive pre-trial publicity and unprecedented news coverage concerning this case"; and (2) "community hostility toward the defendant undoubtedly exists." Defendant Livoti's Memorandum of Law (Def.'s Mem.) at 8.

A. Motion for Change of Situs to White Plains

Fed.R.Crim.P. 18 authorizes a district court to grant or deny a transfer within a federal judicial district "with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice." One basis for granting an intradistrict transfer is to prevent prejudice against the defendant. See United States v. Duncan, 919 F.2d 981, 985 (5th Cir.1990).
Rather than arguing that White Plains is a more convenient location, Livoti asserts only that the transfer to White Plains would alleviate the prejudicial effect of pretrial publicity. This assertion is puzzling. The jurors who serve the White Plains courthouse read the same newspapers and are exposed to the same television news programming as jurors serving the Foley Square courthouse.[1] Livoti's pre-voir dire motion for an intradistrict change of situs to the White Plains courthouse is, therefore, denied.

B. Motion for Change of Venue to Albany

Under Fed.R.Crim.P. 21(a), a transfer of venue is appropriate if, in the district where the prosecution is pending, there exists *249 "so great a prejudice against the defendant that the defendant cannot obtain a fair and impartial trial at any place fixed by law for holding court in that district." "[T]o prevail on a motion under Rule 21(a), the defendant must show a `reasonable likelihood that prejudicial news prior to trial will prevent a fair trial.'" United States v. Maldonado-Rivera, 922 F.2d 934, 966-67 (2d Cir. 1990) (quoting Sheppard v. Maxwell, 384 U.S. 333, 363, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966)). A change of venue is warranted where the defendant can show either (1) that the setting or atmosphere of the trial is inherently prejudicial, or (2) that answers provided in voir dire allow an inference that the panel of prospective jurors are actually prejudiced. See Murphy v. Florida, 421 U.S. 794, 801-03, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975); United States v. Sherwood, 98 F.3d 402, 410 (9th Cir.1996); United States v. Angiulo, 897 F.2d 1169, 1181 (1st Cir.1990). Because Livoti moves for a change of venue before voir dire, I need only determine whether the trial setting is inherently prejudicial.
Without providing any specific citations, Livoti's motion refers to editorials in one newspaper, The Daily News, which "prais[e] this new indictment and call[ ] for jail time for Livoti." Def.'s Mem. at 12. Livoti's other "evidence" of widespread community prejudice consists of general references to unidentified "articles" and "[t]he press." Id. Few of these references reveal the dates of publication. The incident alleged in the indictment occurred on December 22, 1994. Livoti was acquitted on October 7, 1996. Jury selection in this action is scheduled to occur in June 1998. Based on the evidence presented to date, there is no "reasonable likelihood" that the pretrial publicity has created "so great a prejudice" that the Defendant cannot obtain a fair trial before an impartial jury.
Moreover, even if the "evidence" to which Livoti refers included current media coverage, he has failed to show that an impartial jury cannot be selected following careful voir dire questioning. Indeed, "[i]n a large metropolitan area such as [Manhattan and the Bronx], with [their] millions of potential jurors, it is unlikely that searching questions of prospective jurors ... to screen out those with fixed opinions as to guilt or innocence' and `the use of emphatic and clear instructions on the sworn duty of each juror to decide the issues only on evidence presented in open court,' will fail to produce an unbiased jury." Associated Press v. United States Dist. Court for the Cent. Dist. of California, 705 F.2d 1143, 1146 (9th Cir.1983) (discussing pretrial publicity in Los Angeles) (citing Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 564, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976)).
Finally, the Second Circuit has noted that a "transfer from a metropolitan area to a smaller city may result in more rather than less intensive publicity." United States v. Dioguardi, 428 F.2d 1033, 1039 (2d Cir.1970). It is likely here that the transfer of this case to Albany would result in at least as intense media coverage there as the case has received here. Accordingly, Livoti's motion for change of venue to the Northern District of New York is denied.

III. Motion for Bill of Particulars
Livoti moves for a bill of particulars which identifies (1) the alleged manner in which Anthony Baez was assaulted; (2) the bodily injury Anthony Baez allegedly suffered; and (3) the unreasonable force allegedly used to make the arrest of Anthony Baez.
Fed.R.Crim.P. Rule 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 573 (2d Cir.1987). A bill of particulars is not required unless the "charges of an indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Torres, 901 F.2d 205, 234 (2d Cir.1990). A bill of particulars should not be used to acquire "evidentiary detail." Id.
*250 The Indictment informs Livoti that he is charged with assaulting Anthony Baez on December 22, 1994. He has also been provided with Anthony Baez's death certificate, autopsy report, and medical records. Thus, Livoti possesses sufficient information to prepare for trial  a conclusion that is bolstered by the fact that he successfully defended against a state prosecution arising from the same incident. The additional information which Livoti seeks to acquire through a bill of particulars concerns evidentiary detail of the Government's case. Livoti's motion for a bill of particulars is, therefore, denied.

IV. Motion to Compel Disclosure of 404(b) Evidence
Fed.R.Evid. 404(b) requires that the Government provide "reasonable notice in advance of trial" of any evidence that it intends to introduce pursuant to that Rule. This notice must occur sufficiently in advance of trial that the Defendant has time to object to the evidence and the Court has adequate time to decide such an objection. See United States of America v. Taveras, 94 Cr. 766, 1995 WL 600860, at *8 (S.D.N.Y. Oct.11, 1995) (citing cases). While notice is typically provided no more than two to three weeks before trial, a longer notice period is appropriate here given the absence of any threat to the safety of prospective witnesses and the apparent importance of Rule 404(b) evidence in this action. Accordingly, the Government is directed to provide the Defendant with a letter detailing the Rule 404(b) evidence that it intends to introduce at trial no later than May 1, 1998.

V. Motion to Compel Disclosure of Rule 608 and Rule 609 Evidence
The only notice requirement imposed by either Rule 608 or Rule 609 applies where a party intends to introduce evidence of a conviction that is more than ten years old.[2] Under such circumstances, Rule 609(b) mandates that "the proponent give[ ] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." Defendant is well aware that he has no convictions that are more than ten years old. If the Government intends to offer evidence of any convictions that occurred prior to today's date, it must notify the Defendant no later than May 1, 1998. The Government has no obligation to provide Livoti with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify. See United States v. Song, 95 Cr. 129, 1995 WL 736872, at *7 (S.D.N.Y. Dec.13, 1995).

VI. Conclusion
For the reasons stated above, Defendant's motions to dismiss the Indictment, for a pre-voir dire change of situs and change of venue, for a bill of particulars, and to compel the disclosure of material that the Government may use to impeach Livoti at trial pursuant to Rule 608 are denied. Defendant's motion for the disclosure of evidence that the Government intends to introduce at trial pursuant to Rule 404(b) is granted. The Government shall provide the Defendant with a letter describing any proposed 404(b) evidence no later than May 1, 1998. The Government must also notify the Defendant of its intention to introduce evidence of any conviction that it intends to prove at trial by May 1, 1998.
SO ORDERED.
NOTES
[1] Residents of Westchester, Rockland, and Putnam counties serve both courthouses. The Foley Square courthouse draws jurors from Manhattan and the Bronx, which the White Plains courthouse does not; White Plains draws from Orange and Dutchess counties, which Foley Square does not.
[2] Rule 608 governs, in pertinent part, the admissibility of prior bad acts used to attack a witness' credibility. Rule 609 governs the admissibility of evidence of a witness' prior convictions.