■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR ADINOLFI, Appellant. [672 NYS2d 432] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Jones, J.), rendered June 24, 1996, convicting him of murder in the second degree, burglary in the third degree (two counts), attempted burglary in the third degree, and reckless endangerment in the first degree (four counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Upon leaving the scene of a burglary, the defendant disregarded the flashing lights of a responding patrol car and led the police on a high-speed car chase during which he drove his van without headlights, through traffic signals, and against the flow of traffic on a major highway, until it collided with a patrol car, killing the officer inside. The predicate offense for the defendant's felony murder conviction (Penal Law § 125.25

[3]) was burglary in the third degree (Penal Law § 140.20). Prior to pleading guilty, the defendant sought dismissal of the felony murder count on the ground that the felony murder statute is unconstitutionally vague and overbroad since it does not state the specific degrees of burglary which may form the predicate felony.

The County Court properly denied the motion. By enumerating the degrees of some crimes and not others, the Legislature made clear that all degrees of burglary may serve as predicate offenses. This interpretation is in accord with the basic principles of statutory construction and is the only logical reading of the felony murder statute. Moreover, the manner in which the defendant attempted to evade the police in his "immediate flight" (Penal Law § 125.25 [3]) from this burglary makes it the very type of dangerous felony which the Legislature intended to serve as a predicate felony (*see, People ex rel. Culhane v Sullivan*, 139 AD2d 315). Indeed, at his plea allocution, the defendant admitted that his conduct created a grave risk of death to other people (*see also, People v Matos*, 83 NY2d 509).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Joy and Krausman, JJ., concur.