■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HART, Appellant. [778 NYS2d 94]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered August 1, 2002, convicting him of manslaughter in the second degree (two counts) and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, while driving a Corvette, participated in a drag race with Michael Vasipolli, who was driving a Lamborghini, on a suburban street in Oceanside during the afternoon of June 24, 2001. The defendant had outfitted the Corvette with a crash bar, a rollbar, a side impact crash bar, and a driver restraint system, and modifications were made to the engine to increase the vehicle's speed. Witnesses testified that the two vehicles were weaving in and out of the traffic lanes, and the defendant admitted that he was traveling at about 85 miles per hour during the race. While attempting to pass a slower-moving Cadillac, Vasipolli veered the Lamborghini across a yellow line into oncoming traffic and struck a vehicle driven by Glen Jacofsky. Vasipolli and Glen Jacofsky were killed as a result of the collision. Jacofsky's wife Amy, a passenger in his vehicle, was injured. The Corvette came to rest against a fence, and the defendant was not injured. Following a jury trial, the defendant was convicted of two counts of manslaughter in the second degree for recklessly causing the deaths of Vasipolli and Glen Jacofsky (see Penal Law § 125.15 [1]) and assault in the third

degree for recklessly causing injuries to Amy Jacofsky (*see* Penal Law § 120.00 [2]).

On appeal, the defendant contends that the People failed to present legally sufficient evidence to support his conviction of manslaughter in the second degree for causing Vasipolli's death. He contends that his actions were not the direct cause of Vasipolli's death, as Vasipolli voluntarily participated in the drag race, and there was no evidence that the defendant's Corvette came into contact with the Lamborghini or forced it into oncoming traffic.

"It is well established that in order for criminal responsibility to attach, a defendant's actions must have been an actual contributory cause of death (*People v Stewart*, 40 NY2d 692, 697). It must be shown that the defendant sets in motion the events which ultimately result in the victim's death (*People v Kibbe*, 35 NY2d 407). However, the defendant's acts need not be the sole cause of death (*Matter of Anthony M.*, 63 NY2d 270, 280)" (*People v Matos*, 83 NY2d 509, 511 [1994]). "It will suffice if it can be said beyond a reasonable doubt . . . that the ultimate harm is something which should have been foreseen as being reasonably related to the acts of the accused" (*People v Kibbe, supra* at 412).

Viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), the evidence established that the defendant's actions were a sufficiently direct cause of Vasipolli's death. Based on the testimony of Vasipolli's wife, who was a passenger in his vehicle, the jury could reasonably conclude that the defendant instigated the drag race. Witnesses testified that the participants drove at high speeds and were weaving in and out of the traffic lanes around slower-moving vehicles on a suburban street in the middle of the afternoon. Vasipolli's wife described it as a "cat-and-mouse game" in which the defendant and Vasipolli crossed lanes in front of each other.

The People therefore presented evidence sufficient to prove beyond a reasonable doubt that the defendant, by his reckless conduct, set in motion the events which ultimately caused Vasipolli's death and that an accident under these circumstances should have been reasonably foreseen. Even absent evidence that there was direct contact between the Corvette and the Lamborghini or that the defendant forced the Lamborghini into oncoming traffic, the People established that the defendant's conduct "forged a link in the chain of causes which actually brought about [Vasipolli's] death" (*People v Stewart, supra* at 697). The defendant "need not commit the final, fatal act to be culpable for causing death" (*People v Matos, supra* at 511).

Furthermore, since the defendant's actions need not be the sole cause of death, the fact that Vasipolli's own reckless actions contributed to his death does not absolve the defendant of liability (*see e.g. People v Duffy,* 79 NY2d 611 [1992]; *People v Galle,* 77 NY2d 953 [1991]; *see also State v Farner,* 66 SW3d 188 [Tenn 2001] [and cases cited therein]; *but see Commonwealth of Pa.·v Root,* 403 Pa 571, 170 A2d 310 [1961]).

The defendant contends that his convictions of manslaughter in the second degree for the death of Glen Jacofsky and assault in the third degree with respect to the injuries to Amy Jacofsky on a theory of accomplice liability were not supported by legally sufficient evidence. He maintains that the evidence showed that he withdrew from the drag race prior to the accident; therefore, the People failed to establish that he shared Vasipolli's mental culpability. This contention is without merit.

A person is liable as an accessory when he or she "solicits, requests, commands, importunes, or intentionally aids" another person to engage in conduct which constitutes an offense while acting with the mental culpability required for the commission of that offense (Penal Law § 20.00). A person may "intentionally aid" a person engaging in reckless conduct (Penal Law § 20.00; *see People v Flayhart,* 136 AD2d 767 [1988], *affd* 72 NY2d 737 [1988]; *see also People v Taveras,* 224 AD2d 461 [1996]). The People presented legally sufficient evidence that the defendant intentionally aided Vasipolli by participating in the drag race and that he shared Vasipolli's mental culpability (*see People v Abbott,* 84 AD2d 11 [1981], cited with approval in *People v Russell,* 91 NY2d 280, 288 [1998]; *see also People v Ricardo B.,* 130 AD2d 213 [1987], *affd* 73 NY2d 228 [1989]; *People v Senisi,* 196 AD2d 376 [1994]).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt on each count was not against the weight of the evidence (*see* CPL 470.15 [5]). The determinations as to whether the defendant's actions were a direct cause of the fatal accident and whether he withdrew from the drag race prior to the accident required the jury to "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley,* 69 NY2d 490, 495 [1987] [internal quotation marks omitted]; *People ex rel. MacCracken v Miller,* 291 NY 55, 62 [1943]). We cannot say that the jury failed to give the evidence the weight it should be accorded.

The defendant's contention regarding the charge to the jury with respect to principal and accessorial liability is unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to exercise our interest of justice jurisdiction to review it.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Ritter, J.P., S. Miller, Luciano and Townes, JJ., concur.