■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY BARTOW, Appellant. [800 NYS2d 200]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (McGann, J.), rendered May 15, 2001, convicting him of murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was charged on a theory of accessorial liability with, inter alia, intentional murder, depraved indifference murder, and depraved indifference assault. The evidence, viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), established that the defendant hired his girlfriend's brother to kill his wife, and that on November 16, 1996, the defendant opened the door to his apartment and allowed a man to enter who then shot the defendant's wife in the head from less than one inch away, and slashed the throat of the defendant's daughter from ear to ear three times with a knife. At the close of the People's case, the defendant moved to dismiss the charges of depraved indifference murder (Penal Law § 125.25 [2]), and depraved indifference assault (Penal Law § 120.10 [3]), arguing that the evidence only supported a finding that the murder of the defendant's wife and assault of his daughter were intentional acts. The Supreme Court denied the motion. The defendant was acquitted of intentional murder, and convicted of depraved indifference murder and depraved indifference assault.

For accomplice liability to attach, the accomplice must have intentionally aided the principal in the commission of the crime, and shared the principal's culpable mental state (see People v Hafeez, 100 NY2d 253 [2003]; Penal Law § 20.00). Consistent with this, the jury was charged that the defendant could be found guilty of the depraved indifference murder of his wife only if it found that the defendant, "under circumstances evincing a depraved indifference to human life recklessly engaged in conduct which created a grave risk of death to [his wife] by firing a loaded pistol or revolver at and in the direction of [his wife] thereby shooting [her] and causing her death." The jury was charged that the defendant could be found guilty of the depraved indifference assault of his daughter only if it found that the defendant, "under circumstances evincing a depraved indifference to human life recklessly engaged in conduct which

created a grave risk of death to [his daughter] by cutting her throat and thereby causing serious physical injury to [her]." However, no reasonable view of the evidence would support a conclusion that the shooting of the wife or the assault of the daughter were other than intentional acts. Thus, the Supreme Court should have granted the defendant's motion to dismiss the counts of depraved indifference murder and depraved indifference assault, and the defendant's conviction on those counts may not stand (see Hafeez, supra; People v Payne, 3 NY3d 266 [2004]; People v Gonzalez, 1 NY3d 464 [2004]; People v Gallagher, 69 NY2d 525 [1987]; cf. People v Atkinson, 21 AD3d 145 [2005]). We disagree with our dissenting colleagues that there is any basis to affirm the conviction on the depraved indifference assault count. That count was charged and tried on the same theory of accomplice liability as the depraved indifference murder count and suffers from the same infirmity. Under the law as it exists today, therefore, we are constrained to reverse the judgment and dismiss the indictment.

In light of our determination, it is unnecessary to reach the defendant's remaining contentions. Ritter, Luciano and Rivera, JJ., concur.

Smith, J., concurs in part and dissents in part and votes to modify the judgment by reversing the conviction of murder in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment and otherwise affirming the judgment, with the following memorandum, in which Adams, J.P. concurs.

Smith J. and Adams, J.P. (concurring in part and dissenting in part). I agree with the majority that the recent decisions in People v Hafeez (100 NY2d 253 [2003]) and People v Payne (3 NY3d 266 [2004]) require that we reverse the defendant's conviction for depraved indifference murder. The evidence established that defendant either hired or dared a person to kill his wife and then allowed the person to enter the apartment which defendant and his wife shared, whereupon the person shot the defendant's wife in the head from a distance of approximately one inch. This evidence established that defendant planned to have his wife killed and that the shooter shared the intent to commit a "quintessentially intentional act directed solely at the victim" (People v Hafeez, supra at 258). There is, therefore, no reasonable view of the evidence which would support a conviction for depraved indifference murder, and I am constrained to agree that the jury's verdict on that count must be reversed.

However, I disagree with the majority's decision to reverse the conviction for assault in the first degree under Penal Law § 120.10 (3). That section of the Penal Law states that a defendant is guilty of assault in the first degree when "[u]nder circumstances evincing a depraved indifference to human life, he [or she] recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person" (id.).

The defendant was charged as an accomplice, and when two persons are criminally liable for an offense which is divided into degrees, "each person is guilty of such degree as is compatible with his [or her] own culpable mental state and with his [or her] own accountability for an aggravating fact or circumstance" (Penal Law § 20.15; see People v Dedaj, 303 AD2d 285 [2003]; People v Medina, 276 AD2d 367 [2000]). Furthermore, even in a homicide, the defendant "need not commit the final, fatal act to be culpable for causing death" (People v Matos, 83 NY2d 509, 511 [1994]).

The intentional acts of another will not bar a conviction for reckless conduct if that particular act constitutes the risk that a defendant perceived and consciously disregarded (see People v Duffy, 79 NY2d 611 [1992] [providing a weapon to a person who threatened suicide was sufficiently reckless so as to support a conviction for manslaughter in the second degree, despite the decedent's intentional action of shooting himself]; Matter of Anthony M., 63 NY2d 270, 282 [1984] [the defendant was properly convicted of manslaughter for allowing her boyfriend to enter the home of her employer to steal property, and the employer suffered a heart attack after the event]) or unjustifiably failed to perceive (see People v Galle, 77 NY2d 953, 955 [1991] [criminally negligent homicide conviction was proper where defendant provided and injected a decedent's first dose of cocaine, knowing that the decedent intended to continue to use cocaine throughout the evening, as the defendant's actions were a "sufficiently direct cause" of the decedent's death]). Thus, if the actions of another are reasonably foreseeable, they will not be found to be a superseding intervening cause, and will therefore not relieve a defendant of liability, if they are the reasonably foreseeable result of the chain of events which the defendant sets in motion (see People v Kibbe, 35 NY2d 407, 412 [1974], habeas corpus conditionally granted sub nom. Kibbe v Henderson, 534 F2d 493, revd 431 US 145 [1977] [defendants robbed the highly intoxicated decedent and left him with his pants around his ankles in the middle of a road on a sub-freezing night, where he was struck by a passing truck and killed]; People

*v Hart*, 8 AD3d 402, 404 [2004] [defendant engaged in a drag race with one of the decedents, eventually resulting in a collision between the other racer and a car not involved in the race]).

Here, there was sufficient evidence to permit the jury to conclude that the defendant was aware of a danger that, by hiring or daring someone to kill his wife and then allowing that person to enter his home in order to accomplish this goal at a time when his daughter was present and could witness the crime, there was a grave risk that the person would also kill his daughter. "[A]ttempts to thwart apprehension are patently within the furtherance of the cofelons' criminal objective" (*People v Hernandez*, 82 NY2d 309, 319 [1993], citing *People v Gladman*, 41 NY2d 123 [1976]). The defendant's conduct "forged a link in the chain of causes which actually brought about" the injury to his daughter (*People v Stewart*, 40 NY2d 692, 697 [1976]; *see People v Hart, supra* at 404), and it "can be said beyond a reasonable doubt . . . that the ultimate harm is something which should have been foreseen as being reasonably related to the acts of the accused" (*People v Kibbe, supra* at 412). Therefore, the defendant's conviction of assault in the first degree should be affirmed.