■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEEL GORDON, Appellant. [824 NYS2d 94]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., at hearing; William A. Wetzel, J., at jury trial and sentence), rendered June 20, 2005, convicting defendant of assault in the first degree, and sentencing him to a term of five years, unanimously modified, on the law, to the extent of reducing the conviction to assault in the third degree and remanding for resentencing, and otherwise affirmed.

Following an altercation with the victim, the intoxicated defendant drove his car in the victim's direction and hit him, causing serious physical injury. In his statements and trial testimony, defendant asserted that he did not intend to hit the victim, but that he tried to get around him. The jury acquitted defendant of attempted murder but convicted him of assault predicated on depraved indifference (Penal Law § 120.10 [3]). Viewing the evidence in the light most favorable to the People, as well as under the court's charge, we find that it was legally insufficient to establish that defendant acted with the culpable mental state of depraved indifference to human life (*see People v Feingold*, 7 NY3d 288 [2006]; *People v Suarez*, 6 NY3d 202 [2005]). There was no evidence of extreme brutality, risk to persons other than the victim, or any other factor that would satisfy the element of depraved indifference. However, we do not find that the evidence could only support a conviction of an intentional crime. The evidence, with particular reference to defendant's version of the incident, supports a finding of recklessness, and thus would permit a conviction of third-degree reckless assault (Penal Law § 120.00 [3]) as a lesser included offense (*see People v Swinton*, 7 NY3d 776 [2006]). Although the evidence would have also supported convictions of second-degree assault pursuant to Penal Law § 120.05 (4) and second-degree vehicular assault pursuant to Penal Law § 120.03 (1), neither crime is a proper lesser included offense of depraved indifference assault under the impossibility test (*see People v Glover*, 57

NY2d 61, 64 [1982]; *People v Green*, 56 NY2d 427, 430-431 [1982]). Finally, we conclude that defendant's challenge to the sufficiency of the evidence is preserved for review as a matter of law; in any event, were we to conclude otherwise, we would nevertheless modify in the interest of justice.

The hearing court properly denied defendant's suppression motion. There is no evidence to cast doubt on the voluntariness of any of defendant's statements. Concur—Buckley, P.J., Mazzarelli, Nardelli, Catterson and Malone, JJ.