■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER A. ABAR, Appellant. [838 NYS2d 739]—

Peters, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered September 6, 2005,

upon a verdict convicting defendant of the crime of depraved indifference assault in the first degree.

Defendant was indicted for depraved indifference assault in the first degree as a result of his attack upon the victim. Upon the close of the People's case, defendant moved to dismiss the indictment by claiming that the People failed to demonstrate the requisite mental state. County Court denied the motion, concluding that the conduct alleged and the evidence presented by the People evinced both recklessness and a depraved indifference to human life. Following the close of evidence, defendant unsuccessfully renewed his motion to dismiss, this time specifically arguing that the evidence only established intentional conduct, not recklessness or a depraved indifference to human life. Defendant was thereafter convicted of depraved indifference assault in the first degree and sentenced, as a second felony offender, to a prison term of 20 years.

Upon appeal, defendant challenges, among other things, the sufficiency and weight of the evidence. The legal sufficiency claim was properly preserved by motion (*see People v Hines*, 97 NY2d 56, 61 [2001]) specifically directed to those alleged deficiencies which are now being challenged on appeal (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Cona*, 49 NY2d 26, 33 n 2 [1979]; *People v Cole*, 35 AD3d 911, 912 [2006], *lv denied* 8 NY3d 944 [2007]). Viewing the evidence in a light most favorable to the People, the testimony established that defendant instigated the attack on the victim and then stomped on his head, repeatedly, over a five-minute period, despite attempts by others to physically restrain him and warn him that he was killing the victim. As a result, the victim was rendered unconscious and unable to breathe without assistance for weeks. While such conduct was reprehensible, the severity of the attack, the incessant nature of defendant's violent conduct and his refusal to cease the assault demonstrate that he acted intentionally during the crime, and not with a depraved indifference to human life (*see People v Russell*, 34 AD3d 850 [2006], *lv denied* 8 NY3d 884 [2007] [the defendant punched the victim 20 times causing loss of her right eye]; *People v Bartow*, 21 AD3d 420 [2005] [victim's throat slashed from ear to ear]). Although County Court charged the jury on both depraved indifference assault and the lesser included offense of assault in the third degree (*see* Penal Law § 120.00 [2]), our finding that defendant's conduct was intentional, rather than reckless, requires us to reverse the judgment of conviction and dismiss the indictment (*see People v Hawthorne*, 35 AD3d 499, 501-502 [2006], *lv denied* 8 NY3d 946 [2007]; *People v Russell, supra* at 852; *People v Mc-*

*Millon*, 31 AD3d 136, 139-140 [2006], *lv denied* 7 NY3d 815 [2006]; *cf. People v Swinton*, 7 NY3d 776, 777 [2006]).*

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.

---

* Had we considered defendant's additional ascriptions of error, we would have found them without merit. Certainly, the failure of the People to preserve the photographic exhibits until all of the appeals were exhausted was error (*see People v Watkins*, 189 AD2d 623, 624 [1993], *lv denied* 81 NY2d 978 [1993]). Yet, summary reversal, as suggested by defendant, is a drastic and rare remedy (*see People v Haupt*, 71 NY2d 929, 931 [1988]) which would not have been warranted after considering this record in its totality. Where, as here, the missing photographs are nothing more than corroborative in nature, their loss could not have been found to be significantly prejudicial. For this reason, coupled with the fact that the loss was inadvertent (*see People v Conway*, 297 AD2d 398, 400 [2002], *lv denied* 99 NY2d 581 [2003]), there would have been no reversible error.