OPINION OF THE COURT
Dineen A. Riviezzo, J.
Defendant stands indicted of the following crimes: aggravated assault upon a police or a peace officer (count one — Penal Law *510 § 120.11); assault in the first degree (count two — Penal Law § 120.10 [1]); assault in the first degree (count three — Penal Law § 120.10 [3]); assault on a peace officer, police officer, fireman, or emergency medic (count four — Penal Law § 120.08); assault in the second degree (count five — Penal Law § 120.05 [1]); assault in the second degree (count six — Penal Law § 120.05 [2]); assault in the second degree (count seven — Penal Law § 120.05 [3]); assault in the second degree (count eight — Penal Law § 120.05 [4]); assault in the third degree (count nine— Penal Law § 120.00 [1]); assault in the third degree (count ten— Penal Law § 120.00 [2]); assault in the third degree (count eleven — Penal Law § 120.00 [3]); resisting arrest (count twelve— Penal Law § 205.30); criminal possession of a controlled substance in the seventh degree (count thirteen — Penal Law § 220.03); loitering in the first degree (count fourteen — Penal Law § 240.36); and criminal possession of a weapon in the fourth degree (count fifteen — Penal Law § 265.01 [2]).
Defendant moves, by way of omnibus motion, for various relief, including dismissal of the indictment. The motion raises issues as to the sufficiency of the evidence as to various counts in the indictment, including those counts predicated on a theory of depraved indifference assault. For the reasons which follow, defendant’s motion is granted in part and denied in part, as follows.
The Grand Jury Testimony
The grand jury minutes contain testimony of the apprehending officer, who was assigned to an undercover street narcotics enforcement unit on October 6, 2005 in the vicinity of East 221st Street and Bronxwood Avenue in Bronx County. He observed the defendant’s burgundy minivan pull to the curb in the vicinity of the intersection, at which time an unidentified person entered the van, and exchanged an object with the driver in exchange for currency. Believing that a drug transaction had occurred, the undercover officer approached the minivan with his shield displayed, opened the door, identified himself as a police officer, and directed the defendant to step out of the vehicle.
The defendant placed the car in reverse gear, and a struggle ensued. The officer placed his right foot on the brake, and tried to “control” the vehicle.[1] The officer testified that his hands were “going inside trying to control the vehicle and control the defendant,” while his left foot was placed on the ground outside *511 of the vehicle. The defendant struck the officer’s “upper body, head and back of his head” with his closed fist while pressing the gas pedal. The officer was able to gain control of the defendant and the vehicle after a short struggle, lasting “15, 20 seconds.” When asked if he sustained any injury “as a result of this incident,” the officer testified that he broke his right hand, and was disabled for a two-month period.[2]
A small quantity of cocaine, as established by a laboratory test which was entered into evidence, was recovered from the vehicle. In addition, X-ray evidence indicating that the officer suffered a fractured distal fifth metacarpal was placed before the grand jury.
Based on the foregoing testimony, the grand jury voted an indictment charging defendant with numerous counts, including one count of depraved indifference assault in the first degree under Penal Law § 120.10 (3).
Discussion
Standard of Review
In determining the legal sufficiency of an indictment, the court’s inquiry is limited to assessing whether the facts, if proven, and the logical inferences flowing therefrom, supply proof of each and every element of the charged crimes. (See People v Bello, 92 NY2d 523, 526 [1998]; People v Garson, 6 NY3d 604 [2006].) CPL 70.10 (1) defines legally sufficient evidence as “competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof.” In other words, legally sufficient evidence establishes a prima facie case, not proof beyond a reasonable doubt. The court must view the evidence in the light most favorable to the People, and determine whether that evidence, if presented at trial, otherwise unexplained and uncontradicted, and irrespective of innocent inferences arising from the evidence, would be sufficient to support a guilty verdict by a petit jury. (See People v Jensen, 86 NY2d 248 [1995].)
Analyzing Depraved Indifference
The elements of depraved indifference assault are set forth in Penal Law § 120.10. That section provides, “A person is guilty of assault in the first degree when ... (3) Under circumstances *512 evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person . . . Under Penal Law § 15.05 (3), a person acts “recklessly” with respect to a proscribed result “when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur.”
The crime of depraved indifference assault must be evaluated in light of the recent decisions of the Court of Appeals which construe the requirement of “circumstances evincing a depraved indifference to human life” in the context of depraved indifference murder.[3] As Judge Graffeo aptly noted in her dissenting opinion in People v Suarez (6 NY3d 202, 225 [2005]):
“There are other troubling ramifications of this ruling that will not be limited to the second-degree murder statute. The crimes of assault in the first degree and reckless endangerment in the first degree also require that the defendant, ‘[u]nder circumstances evincing a depraved indifference to human life, [ ] recklessly engage[ ] in conduct which creates a grave risk of death to another person’ (Penal Law § 120.10 [3]; see Penal Law § 120.25). Presumably, the majority’s new interpretation of ‘depraved indifference’ in the context of second-degree murder will apply with equal force to these two offenses since identically worded phrases in the same chapter of laws are usually accorded the same meaning.”
There could be little doubt that this proposition is true. Indeed, in People v Feingold (7 NY3d 288 [2006]), the Court reduced a conviction for first degree reckless endangerment under Penal Law § 120.25 (i.e., “when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person”) to second degree reckless endangerment, expressly noting that “there is no dispute that the term ‘depraved indifference’ has the same meaning in both the depraved indifference murder *513 statute and the reckless endangerment statute.” (People v Feingold at 290.) Similarly, in People v Swinton (7 NY3d 776 [2006], rearg denied 7 NY3d 864 [2006]), defendants’ convictions for assault in the first degree based on depraved indifference were reduced to assault in the third degree where the evidence that the defendants’ child was malnourished due to a vegetarian diet was legally insufficient to prove beyond a reasonable doubt that defendants acted with the culpable mental state of depraved indifference as defined in Feingold (supra).
It is now firmly established by People v Feingold (supra) that depraved indifference is not measured by an objective assessment of the degree of risk presented by defendant’s reckless conduct. Instead, depraved indifference to human life is a culpable mental state. Moreover, as the progression of Court of Appeals cases on this subject illustrates, depraved indifference will seldom be at issue in “one-on-one” killings or assaults:
• Depraved indifference murder could not be established when the victim was lured out of a bar, defendant pushed him against a wall, and the codefendant fatally stabbed him. (People v Hafeez, 100 NY2d 253 [2003]);
• When defendant shot the victim 10 times at close range, even after the victim had fallen to the ground, the evidence was legally insufficient to support defendant’s second degree depraved indifference murder conviction, as the only reasonable view of the evidence was that defendant intentionally killed the victim. (People v Gonzalez, 1 NY3d 464 [2004]);
• A conviction of depraved indifference murder could not stand when defendant went to his closet, retrieved a 12 gauge shotgun, walked next door, argued with neighbor, and then shot him at pointblank range, below the heart. (People v Payne, 3 NY3d 266 [2004]; see also, People v Atkinson, 7 NY3d 765 [2006] [where defendant shot victim in neck from distance of four to five feet, defendant’s conviction of depraved indifference murder reduced to manslaughter in the second degree; defendant’s actions, although not depraved, were reckless]);
• Stabbing the victim three times (in the throat, chest *514 and abdomen) and leaving her to bleed to death did not, as a matter of law, constitute depraved indifference murder. (People v Suarez, 6 NY3d 202 [2005]; see also, People v Mancini, 7 NY3d 767 [2006] [prostitute who left victim, who was seriously injured, in shower, unconscious and bleeding, after assaulting him was not guilty of depraved indifference murder]);
• Taking out a knife and swinging it at the victim, causing a fatal wound, and then immediately calling ambulance did not support a conviction for depraved indifference murder; defendant’s conduct, even if reckless, did not evince the utter depravity and uncommon brutality required for finding of depraved indifference. (People v McPherson, 6 NY3d 202 [2005] [decided with People v Suarez (supra)])', and,
• Defendant, an attorney, who attempted suicide in his Manhattan apartment by sealing the apartment and turning on the gas, causing an explosion which heavily damaged a number of neighboring apartments, was not guilty of reckless endangerment in the first degree. Although the factfinder could have inferred that defendant had the requisite mental state (depraved indifference), the trial judge at the bench trial in fact found that the defendant’s state of mind was not one of extreme wickedness. (People v Feingold, 7 NY3d 288 [2006].)
Summarizing the import of these holdings, the Court of Appeals announced in Policano v Herbert (7 NY3d 588, 601 [2006])
“In short, it is now clear that under New York law ‘a one-on-one shooting or knifing (or similar killing) can almost never qualify as depraved indifference murder’ (Payne, 3 NY3d at 272); that ‘[a] defendant may be convicted of depraved indifference murder when but a single person is endangered in only a few rare circumstances’ (Suarez, 6 NY3d at 212, 811 NYS2d 267, 844 NE2d 721 [2005]); and that “depraved indifference to human life” is a culpable mental state’ (Feingold, 7 NY3d at 296).”
This is so because depraved indifference requires that
“the reckless conduct must be so wanton, so deficient in a moral sense of concern, so devoid of regard *515 of the life or lives of others, and so blameworthy as to warrant the same criminal liability as that which the law imposes upon a person who intentionally causes the death of another.” (People v Gonzalez, 1 NY3d 464, 469 [2004] [internal quotation marks omitted].)
Depraved indifference can be properly found to exist in two types of situations. The first situation in which depraved indifference may exist is when the defendant places numerous persons at risk by heinous conduct:
“Quintessential examples are firing into a crowd; driving an automobile along a crowded sidewalk at high speed; opening the lion’s cage at the zoo; placing a time bomb in a public place; poisoning a well from which people are accustomed to draw water; opening a drawbridge as a train is about to pass over it and dropping stones from an overpass onto a busy highway.” (Suarez, 6 NY3d at 214 [citations omitted].)
(See also, People v Fields, 37 AD3d 733 [2d Dept 2007], lv denied 9 NY3d 843 [2007] [firing of a single shot through a doorway window, knowing that there were three people moving about on the other side of that doorway, was clearly reckless conduct which evinced a depraved indifference to human life].)
The second type of situation in which depraved indifference may be found to exist involves one-on-one confrontations, but facts supporting a finding of depraved indifference in one-on-one confrontations will rarely be encountered. Cases in which depraved indifference in the context of one-on-one confrontations may be found to exist include: leaving an intoxicated victim partially dressed, outside, in subfreezing temperatures; brutal, prolonged torture; or firing a gun into the victim without knowing whether the chamber contains a live bullet or a “dummy” round. (People v Suarez at 213.)
Depraved Indifference Assault
Recent cases reflect the revised understanding of depraved indifference mandated by the Court of Appeals. For example, in People v Gordon (34 AD3d 316 [1st Dept 2006]), the defendant, who was intoxicated, drove his car into the victim, causing serious physical injury. Defendant testified at trial that he in fact tried to avoid the victim, and did not intend to hit him. The jury acquitted defendant of attempted murder but convicted him of depraved indifference assault (Penal Law § 120.10 [3]). *516 The First Department found that the evidence was legally insufficient to establish that defendant acted with the culpable mental state of depraved indifference to human life, as there was “no evidence of extreme brutality, risk to persons other than the victim, or any other factor that would satisfy the element of depraved indifference” (34 AD3d at 316). Finding that defendant acted recklessly, the Court reduced the conviction to third degree reckless assault.
Other cases have, consistent with People v Gordon, found that defendant acted recklessly, but that his or her conduct did not rise to a level of depraved indifference. (See People v Casper, 42 AD3d 887 [4th Dept 2007] [allowing van in which defendant’s wife was passenger to roll off cliff was reckless but not depraved]; People v Lazartes, 23 AD3d 400 [2d Dept 2005] [defendant’s speeding in car was reckless but not depraved, and did not support conviction for depraved indifference murder or depraved indifference assault]; People v Coon, 34 AD3d 869 [3d Dept 2006] [slashing throat of victim while in delirium caused by cocaine was not depraved indifference]; People v Palmer, 34 AD3d 701 [2d Dept 2006] [swinging knife at two unarmed boys during fight supported reckless assault but not depraved indifference assault].)
Still other cases have found that defendant’s conduct was intentional, and not reckless. (See People v Abar, 42 AD3d 676 [3d Dept 2007] [stomping on victim’s head, repeatedly, over a five-minute period, despite attempts by others to physically restrain defendant and warn him that he was killing the victim demonstrated intent, not recklessness]; People v Russell, 34 AD3d 850 [2d Dept 2006] [punching victim 20 times in eye causing loss of eye was not depraved]; People v Bartow, 21 AD3d 420 [2d Dept 2005] [defendant’s act in allowing accomplice into apartment, whereupon accomplice shot wife in head and slashed daughter’s throat, was intentional, not depraved indifference].)
On the other hand, the proof was held sufficient to sustain a conviction for depraved indifference assault when defendant engaged in a high-speed chase and crashed into a roadblock, causing serious physical injury (People v Glanda, 18 AD3d 956 [3d Dept 2005]).
In People v S.E.-W. (13 Misc 3d 1050 [Sup Ct, Nassau County 2006]), the court examined the legal sufficiency of an indictment charging depraved indifference assault and other charges. Defendant, who had allegedly been involved in an altercation in a bar, had been escorted out of the bar by a bouncer and an *517 other patron. Defendant, who was cursing and threatened to “kill all you guys” (at 1051), entered his car, drove to the exit of the parking area, and then suddenly made a U-turn. He accelerated toward a crowd of patrons at a high rate of speed, causing physical injury to two of them, and then drove directly at the bouncer and the patron who had removed him from the bar, causing serious physical injury to these individuals. Refusing to decide whether the alleged conduct was intentional or reckless, the court noted (at 1054) that, “On the one hand, defendant had threatened to kill two specific individuals and ultimately drove at them causing serious physical injury. On the other hand, the proof fits one of the quintessential examples of depraved indifference by driving through a crowd without regard to the consequences.” The court therefore found that the evidence was legally sufficient to support the indicted charge of depraved indifference assault.
In the present case, unlike People v S.E.-W., there was no evidence before the grand jury that the defendant endangered other persons in addition to the injured police officer. There is no indication that the defendant endangered a crowd of persons. This court agrees with the court in People v S.E.-W. that the court need not determine at this juncture if the defendant’s conduct was consistent with recklessness or intent. As there are permissible inferences supporting either theory, such an analysis is unwarranted at this stage of the case. However, the evidence before the grand jury established only a prima facie case of a one-on-one confrontation, and in one-on-one confrontations, except for the most unusual cases, a theory of depraved indifference cannot be sustained. Defendant’s alleged conduct does not evince utter depravity and uncommon brutality required for a finding of depraved indifference assault. It is clear in the present circumstances, as it was in People v Gordon, that defendant’s conduct cannot support a charge of depraved indifference assault.
Accordingly, count three of the indictment is dismissed.
Legal Sufficiency of the Remaining Counts
In addition, there was no evidence presented to the grand jury as to the manner in which the officer’s hand was broken. There was absolutely no proof that the hand was injured from contact with the vehicle; indeed, there was no evidence that the vehicle was actually in motion. As the Court held in People v Darrow (260 AD2d 928, 929 [3d Dept 1999]):
“When, as in the case of assault in the first degree *518 as alleged in the indictment against defendant, a crime involves both conduct on the part of the actor and specific harm resulting from that conduct, the appropriate standard of causation is whether the defendant’s conduct was a ‘ “sufficiently direct cause” ’ of the victim’s injury (People v Stewart, 40 NY2d 692, 696-697, quoting People v Kibbe, 35 NY2d 407, 413 [emphasis in original]). ‘Thus an “obscure or merely probable connection between an assault and [the injury sustained by the victim] will . . . require acquittal of the charge” ’ (People v Stewart, supra, at 697, quoting People v Brengard, 265 NY 100, 108; see, Matter of Anthony M., 63 NY2d 270, 280-281).”
In the instant case, there is no evidence that the injury was inflicted “by means of” the vehicle. (See People v Petrosino, 299 AD2d 851, 851 [4th Dept 2002], lv denied 99 NY2d 618 [2003] [no evidence that injury was inflicted by kick with boot as opposed to striking with fist].) As was held in People v Nealy (254 AD2d 505 [2d Dept 1998]), where there was insufficient proof that the defendant caused the injury by means of a dangerous instrument, as opposed to the defendant’s hand, “The use by the average layperson of the hand to strike a blow is insufficient proof of assault in the second degree, which requires causing physical injury to another by use of a dangerous instrument.” (254 AD2d at 506.)
Accordingly, the first, second, sixth, eighth, and eleventh counts are dismissed with leave to re-present.
Statement Testimony
The motion, in so far as it seeks to suppress statements made by the defendant, is granted on consent to the extent of granting a Huntley hearing.
Exculpatory Material and Rosario Material
The motion for production of exculpatory evidence, Rosario material and all agreements between witnesses and the prosecution is granted. (CPL 240.44, 240.45; Brady v Maryland, 373 US 83 [1963]; People v Rosario, 9 NY2d 286 [1961]; People v Simmons, 36 NY2d 126 [1975]; People v Novoa, 70 NY2d 490 [1987].) The People remain under a continuing duty to provide the defense with any exculpatory material they may obtain in the future.
Bill of Particulars and Other Discovery Items Demanded
Defendant requests a bill of particulars and other specified items to be produced. The People should be afforded a reason *519 able opportunity to respond to such demands before a request for judicial intervention can be entertained (CPL 200.95 [2], [4], [5]; 240.20, 240.70, 240.80 [3]). That part of the motion is denied without prejudice to renew within 14 days of receipt of this order if defendant seeks to challenge the sufficiency of any of the People’s responses in either the bill of particulars or the discovery material; any such application must be made upon specific objections to specific responses.
Sandoval, Prior Bad Acts and Additional Motions
That part of the motion seeking a Sandoval or Ventimiglia hearing (People v Sandoval, 34 NY2d 371 [1974]; People v Ventimiglia, 52 NY2d 350 [1981]) is referred to the trial justice. The People shall serve notice of any prior, uncharged criminal, vicious or immoral acts immediately prior to jury selection (see CPL 240.43).
Defendant’s application for permission to file additional motions (other than a motion for a bill of particulars or discovery as set forth above) is denied as premature without prejudice to renew at an appropriate time based on an appropriate record establishing good cause in support of such relief. (CPL 255.20 [3]; People v Davidson, 98 NY2d 738 [2002].)
Conclusion
This constitutes the decision and order of the court. Any other relief sought by defendant which is not specifically granted herein is denied.

. The officer never stated that the vehicle was actually in motion.

. The fracture and resulting two-month disability, as testified by the officer, were sufficient to establish, prima facie, serious physical injury. (See People v Ahearn, 88 AD2d 691 [3d Dept 1982] [fractured right hand].)

. Penal Law § 125.25 (2) states, “A person is guilty of murder in the second degree when: ... 2. Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person . . . .” The elements of depraved indifference assault and depraved indifference murder are identical, except that the assault requires that the criminal conduct result in serious physical injury, while the murder requires that the defendant’s conduct result in death.