Rivera, J.
(dissenting in part). Defendant was convicted for the death of a 41-year-old, well-developed male who was six feet, one inch, weighed 270 pounds, and suffered from hypertensive cardiovascular disease, on the theory that the injuries suffered during a struggle with the defendant precipitated the victim’s death from heart disease. To establish defendant’s *304 guilt for second-degree felony murder, the People had to prove beyond a reasonable doubt that in the course of committing a robbery and burglary defendant caused the victim’s death (Penal Law § 125.25 [3]). Causation for criminal liability requires both that the “culpable act [was] ‘a sufficiently direct cause’ of the death” and that the “fatal result was reasonably foreseeable” (People v Hernandez, 82 NY2d 309, 313-314 [1993], citing Matter of Anthony M., 63 NY2d 270, 280 [1984]). I disagree with the majority that the People carried their burden to establish that the death was a foreseeable consequence of defendant’s actions.
According to the trial evidence, during a struggle with defendant, the victim suffered a broken jaw and nose, as well as several lacerations to his face. Though there was a significant loss of blood, the victim did not suffer any internal trauma to his head, neck, or torso, and the medical examiner who conducted the autopsy characterized the injuries, either individually or combined, as “not significant enough to cause or contribute to death.” The cause of death was identified as hypertensive cardiovascular disease, of which obesity was a contributing factor. The People submitted testimony from a medical examiner who did not conduct the autopsy, who opined that the injuries did not cause the victim’s death but that the stress associated with the injuries “given [the victim’s] underlying heart disease led to his death.” In other words, the struggle-induced stress combined with the victim’s obesity and preexisting heart condition led to the victim’s death.
Prior cases in which the Court determined that a victim’s death was foreseeable involved a defendant’s direct causative action that put the victim at obvious risk of death—conduct not present in defendant’s case. For example, in Hernandez, an armed defendant confronted a team of officers as he tried to escape a failed robbery (82 NY2d at 312). When he refused to surrender and moved towards the officers, gun drawn, they opened fire and one officer was fatally shot in the head (id.). Remarking on the codefendant’s culpability for the officer’s death, the Court stated that “it [was] simply implausible for defendants to claim that defendants could not have foreseen a bullet going astray when [the defendant] provoked a gun battle outside a residential building in an urban area” (id. at 319). In People v Matos (83 NY2d 509, 511 [1994]), a police officer suffered fatal injuries after being trapped in a rooftop air shaft while chasing the defendant as he tried to escape capture from *305 the scene of an attempted armed robbery. The Court held it was “foreseeable that someone might fall while in hot pursuit across urban roofs in the middle of the night” (id. at 512). Also, in a case ostensibly about superceding events, the Court concluded in People v Kibbe (35 NY2d 407, 413 [1974]) that defendants were liable for the victim’s death. As the Court detailed, the defendants had robbed the victim and threw him out of a car onto the shoulder of a rural highway, leaving him alone at night in near-zero degree weather with limited visibility conditions, without his glasses, and with his pants down, shoeless and his shirt rolled up around his chest (id. at 410-411). Shortly after abandoning him on the road, the victim was struck and killed by a truck (id.). The Court held the defendants were liable for these “directly foreseeable consequences of their actions” (id. at 413).
In these cases, viewing the facts in context, an obvious result of defendants’ criminal behavior was to place the victims at risk of death. In Hernandez, it was foreseeable that defendant’s act of confronting the officers with a loaded weapon would lead to a gunfight, and in no way surprising that someone might be killed in the cross fire. In Matos, it was foreseeable that the officer would die during a nighttime rooftop chase initiated by defendant’s attempted escape. Certainly, in Kibbe, the victim’s death was reasonably foreseeable when defendants abandoned him at night on a highway in a physically vulnerable state.*
Here, however, it is not foreseeable that a 41 year old who appears overweight but was sufficiently able to engage his attacker would die as a result of the struggle where the injuries from the assault were a broken jaw and nose, lacerations and bruises. The autopsy report states that these injuries themselves are not the type that would cause or contribute to death. Accordingly, without the required foreseeability, defendant’s felony murder conviction should not stand.
*306 For the reasons I have discussed, and because I agree that defendant’s other claims are without merit, I would affirm the Appellate Division order in its entirety.
Judges Pigott, Abdus-Salaam, Stein, Fahey and Garcia concur; Judge Rivera dissents in part in an opinion.
Order modified in accordance with the opinion herein, case remitted to the Appellate Division, Fourth Department, for consideration of the facts and, as so modified, affirmed.

 The Court has previously addressed causation in the felony murder context of heart attacks in Anthony M. (63 NY2d at 281), but that case is not dispositive here. The Court in Anthony M. focused exclusively on whether the defendants’ actions were a contributing factor to the heart attack deaths such that the acts were a sufficiently direct cause of death (id.; see also Hernandez, 82 NY2d at 314). The Court did not address foreseeability. Regardless, Anthony M. and its companion case are distinguishable because they involved elderly victims, ages 83 and 89 respectively, who died of heart attacks after defendants’ assaults (id. at 276-277). The facts there are not comparable to a physical struggle wherein a 41-year-old victim suffers a broken jaw and nose, and dies of heart disease.