■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAVIE HAFEEZ, Appellant. [744 NYS2d 479] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 2, 2001, convicting him of murder in the second degree, conspiracy in the fourth degree, tampering with physical evidence, and hindering prosecution in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions under the second count of the indictment of murder in the second degree, the third count of the indictment of conspiracy in the fourth degree, and the sixth count of the indictment of hindering prosecution in the first degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant and a friend lured the victim out of a bar, planning to beat him in revenge for an earlier incident in which the victim had assaulted the friend. In the ensuing fight, the friend stabbed the victim once in the chest, whereupon he turned and walked back into the bar, collapsed, and died. The defendant did not know that the victim had been stabbed until he and the friend were in the defendant's van on their way home.

The evidence was legally insufficient to establish the defendant's guilt of murder in the second degree. In addition, the conviction of conspiracy in the fourth degree must be reversed as there is no evidence that the defendant intended conduct constituting a class A felony. Moreover, the conviction of hindering prosecution in the first degree must be reversed as there is no evidence that the defendant rendered criminal assistance to a person who had committed a class A felony (*see People v Ciardullo,* 106 AD2d 14). However, viewing the evidence in the light most favorable to the prosecution (*see People*

*v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of tampering with physical evidence (*see* Penal Law § 215.40 [2]; *People v Johnson,* 219 AD2d 865; *but see People v Singh,* 191 AD2d 731).

The defendant's remaining contentions are either without merit or do not require a new trial as to the remaining count of which he was convicted. Feuerstein, J.P., Schmidt, Adams and Crane, JJ., concur.