*256 OPINION OF THE COURT
ClPARICK, J.
We recently held in People v Sanchez (98 NY2d 373 [2002]) that, in the circumstances presented in that prosecution, a jury could reasonably find defendant’s homicidal level of mental culpability to be reckless rather than intentional. We are once again faced with the same question, but inasmuch as there is no record support here for the jury’s decision that defendant’s conduct, or that of his codefendant, was reckless and depraved rather than intentional, the jury’s finding of depraved indifference murder cannot be upheld.
In January 1999, defendant and his close friend and housemate, the codefendant, became involved in a confrontation with the deceased at a local bar in Queens. The deceased threw a pool ball at codefendant, injuring his eye. Months later, defendant plotted with codefendant and a third person to lure the victim out of the same Queens bar. When he came out, defendant pushed the victim up against a wall, then stepped aside to allow codefendant to take over. The men struggled and codefendant administered the fatal knife wound to the heart. Defendant and codefendant then drove away from the scene in *257 defendant’s van, stopping along the way to allow the codefendant to get out and toss the knife handle — all that remained of the murder weapon — into a sewer.
In the subsequent police investigation, defendant stated that codefendant had told him earlier in the evening that he was carrying a knife and had showed it to defendant while they were waiting for the victim to come out of the bar. Defendant stated, however, that he did not know his friend was actually going to use the knife and, moreover, did not learn that the victim had been stabbed until after he and codefendant left the scene. Although defendant initially denied knowledge of the knife’s whereabouts, he eventually led police to the sewer where the handle was recovered. The remaining portion of the knife was later found at the scene of the crime.
A grand jury indicted defendant and codefendant on two counts of second degree murder, charging both intentional murder (Penal Law § 125.25 [1]) and depraved indifference murder (Penal Law § 125.25 [2]). They were also charged with conspiracy in the fourth degree, tampering with physical evidence, criminal possession of a weapon in the fourth degree and hindering prosecution in the first degree. At trial, the prosecution’s murder case against defendant was premised on a theory of accomplice liability. The jury acquitted defendant on the intentional murder charge, but found him guilty of depraved indifference murder. The jury also convicted defendant on the conspiracy, tampering and hindering prosecution charges, but acquitted him on the charge of criminal possession of a weapon.[1]
On defendant’s appeal, the Appellate Division reversed the conviction for depraved indifference murder (295 AD2d 624 [2002]). In the Court’s view, the evidence with respect to depraved indifference murder was legally insufficient to establish defendant’s guilt of that crime. The Court also reversed the conspiracy and hindering prosecution convictions, concluding that there was no evidence establishing either that defendant planned conduct which would constitute a class A felony or that defendant rendered criminal assistance to a person who committed a class A felony. The verdict was otherwise affirmed. A Judge of this Court granted leave to appeal to both the People, who appeal the reversal of the depraved indifference murder and conspiracy convictions, and the defendant, who appeals the one remaining conviction for tampering with *258 physical evidence. We now modify, affirming as to the depraved indifference and tampering counts and reinstating the conviction for conspiracy.
In our view, the Appellate Division properly reversed the conviction for depraved indifference murder. As developed at defendant’s trial, no reasonable view of the evidence establishes codefendant’s guilt of depraved indifference murder.[2] The People argue that defendant is guilty of depraved indifference murder because, viewing the evidence in the light most favorable to the People, as we must, defendant was aware of the grave risk that codefendant would use the knife and disregarded that risk by helping to lure the victim out of the bar and pushing him up against a wall, exposing him to his friend’s deadly attack. However, defendant’s guilt is premised upon a theory of accomplice liability and under such a theory, defendant can be guilty of depraved indifference murder only if he intentionally aided codefendant in commission of the crime and shared the codefendant’s culpable mental state (see People v Brathwaite, 63 NY2d 839 [1984]; Penal Law § 20.00).[3]
The trial evidence concerning codefendant’s conduct was consistent with intentional murder as opposed to depraved indifference murder (see People v Sanchez, 98 NY2d 373 [2002]). Here, codefendant plotted his revenge for months in advance and effectuated his plan on the night of the stabbing by a scheme intended to place the victim in a position where he would be vulnerable to attack. Codefendant concealed a knife in his sleeve poised to slip into his hand. The plan culminated in a single deliberate wound to the chest that perforated the victim’s heart. It was a quintessentially intentional attack directed solely at the victim.
*259 To meet their burden for depraved indifference murder, the People must show that defendant’s acts were “imminently dangerous and presented a very high risk of death to others” (see People v Register, 60 NY2d 270, 274 [1983]; People v Russell, 91 NY2d 280 [1998]). That burden was met in Sanchez, which involved the sudden shooting of a victim by a defendant who reached around from behind a door and fired into an area where children were playing, presenting a heightened risk of unintended injury. Here the actions of both defendants were focused on first isolating, and then intentionally injuring, the victim. From this record there exists no valid line of reasoning that could support a jury’s conclusion that defendant possessed the mental culpability required for depraved indifference murder. The “heightened recklessness” required for depraved indifference murder was simply not present (see Sanchez, 98 NY2d at 380). Thus the order of the Appellate Division reversing the conviction for depraved indifference murder was proper.
We disagree, however, and reverse the Appellate Division’s holding with respect to the conspiracy conviction. Under Penal Law § 105.10 (1), the People must show that defendant agreed to engage in or cause conduct that constitutes a class B or class C felony. In this regard the Appellate Division applied an incorrect requirement when it concluded that the People failed to prove conduct constituting a class A felony. The evidence here was sufficient to establish that defendant intended to cause, and in fact did cause, serious physical injury to the victim through an attack with a deadly weapon. Thus, defendant’s conduct, in concert with codefendant, could amount to a conspiracy to commit the class B felony of assault in the first degree (see Penal Law § 120.10 [l]).[4] In connection with the conspiracy charge, the jury was instructed on the elements of first degree assault and the requirement of an overt act. On remittal, the Appellate Division will have to consider whether the evidence supports the jury’s conclusion that defendant conspired to commit conduct constituting a class B felony.
Finally, we uphold defendant’s conviction for tampering with physical evidence. As it relates to the facts of this case, a *260 person is guilty of tampering when, believing that physical evidence is about to be used in a prospective official proceeding, he intentionally suppresses such evidence through an act of concealment (see Penal Law § 215.40 [2]). There was sufficient evidence adduced at trial that defendant believed that codefendant intended to discard the weapon used in the stabbing and acquiesced in the request to stop his van to give his friend an opportunity to toss what remained of the knife into a sewer.
Defendant’s remaining arguments, regarding improper evidentiary rulings by the trial court and prosecutorial misconduct, are without merit.
Accordingly, the order of the Appellate Division should be modified by reinstating the conviction for conspiracy in the fourth degree and remitting to the Appellate Division for consideration of the facts and, as so modified, affirmed.

. Codefendant pleaded guilty to one count of manslaughter in the first degree in full satisfaction of the charges against him.

. Penal Law § 125.25 (1) provides that a person is guilty of murder in the second degree when “[w]ith intent to cause the death of another person, he causes the death of such person or of a third person.”
Penal Law § 125.25 (2) provides that one is also guilty of murder in the second degree when “[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person.”
Penal Law § 15.05 (3) provides that “[a] person acts recklessly * * * when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur * *

. Penal Law § 20.00 provides that “[w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.”

. Penal Law § 105.10 (1) states that a person “is guilty of conspiracy in the fourth degree when, with intent that conduct constituting * * * a class B or class C felony be performed, he or she agrees with one or more persons to engage in or cause the performance of such conduct.”
Penal Law § 120.10 (1) states that one is guilty of assault in the first degree when “[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument.”