**Edward MAGGIORE, Petitioner–Appellant,**

v.

**UNITED STATES Of America, Respondent–Appellee.**

No. 07–0551–pr.

United States Court of Appeals, Second Circuit.

Filed Dec. 9, 2008.

Brendan White and Diarmuid White, New York, NY, for Appellant.

Paul H. Schoeman, David C. James and Pamela K. Chen, Assistant United States Attorneys, for Benton J. Campbell, United States Attorney for the Eastern District of New York, New York, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Edward Maggiore, whose 2004 conviction and life sentence for committing a violent crime in aid of racketeering, *see* 18 U.S.C. § 1959(a)(1), was summarily affirmed by this court, *see United States v. Maggiore,* 125 F.Appx. 343 (2d Cir.2005), now appeals from the denial of his petition for a writ of habeas corpus, *see* 28 U.S.C. § 2255, on the ground that his conviction was obtained in violation of his Sixth Amendment right to the effective assistance of counsel. Specifically, Maggiore faults former counsel for failing to move to withdraw petitioner's guilty plea on the ground that the facts developed at his plea colloquy were insufficient to support the predicate crime of depraved indifference murder as proscribed by § 125.25(2) of the New York Penal Law. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

A petitioner complaining of ineffective assistance of counsel carries a heavy burden in that he must satisfy both parts of the test set forth in *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *i.e.,* he must demonstrate that "(1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Contino v. United States,* 535 F.3d 124, 128 (2d Cir.2008). Where, as in this case, a district court concludes that petitioner has not satisfied these requirements, we review its factual determinations for clear error and its legal determinations *de novo. Parisi v. United States,* 529 F.3d 134, 137 (2d Cir.2008). In doing so, our review of counsel's challenged conduct is "highly deferential," and we "indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052 (recognizing that "[t]here are countless ways to provide effective assistance in any given case," and "[e]ven the best criminal defense attorneys would not defend a particular client in the same way"). Applying these principles to this case, we conclude that there is no merit in Maggiore's Sixth Amendment claim.

At the outset, we observe that Maggiore's argument is complicated by the recent evolution in New York state law refining the elements of depraved indifference homicide. *See generally Policano v. Herbert,* 7 N.Y.3d 588, 595, 825 N.Y.S.2d 678, 859 N.E.2d 484 (2006) (discussing evolution). In September 2001, when Maggiore pleaded guilty to this prong of second degree murder, New York law required proof that

> defendant (1) recklessly engaged in conduct (2) which created a grave risk of death to another person (3) thereby causing the death of another person (4) under circumstances evincing a depraved indifference to human life. The *mens rea* of depraved indifference murder was recklessness and ... "under circumstances evincing a depraved indifference to human life" defined the factual setting, viewed objectively, in which the risk-creating conduct occurred.

*Id.* at 602, 825 N.Y.S.2d 678, 859 N.E.2d 484. Maggiore's plea proceedings easily satisfied these requirements. *See generally United States v. Pimentel,* 346 F.3d 285, 302 (2d Cir.2003) (observing that conviction for violent crime in aid of racketeering requires predicate act that, when based on state crime, requires proof of essential elements of that crime).

Maggiore himself admitted participating as the driver in events that caused the death of Thomas Palazzotto, and to doing so "with reckless disregard of the risk that Palazado [sic] would be shot and killed," thus satisfying the first and third elements of the crime. Plea Tr. at 16. As to the second and fourth elements, Maggiore stated that he knew that one of his passengers, a fellow gang member, was armed and, nevertheless, Maggiore drove his vehicle toward Palazzotto. Although Maggiore did not admit—and has persistently denied—any knowledge that his armed passenger intended to kill Palazzotto, Maggiore agreed with the prosecution's proffer that Maggiore and his fellow gang members were driving around at the relevant time in order to retaliate—in some manner—against the rival gang of which Palazzotto was a member. From Maggiore's own admissions and the prosecution proffer, the district court could certainly conclude that Maggiore's actions in driving vengeful confederates, one of whom he knew was armed, up to a rival gang member, created a serious risk of death under circumstances that evinced Maggiore's depraved indifference to human life. *See United States v. Barrett,* 178 F.3d 643, 647 n. 1 (2d Cir.1999) (holding that court may rely on "defendant's own admissions, information from the government, or other information appropriate to the specific case"); *see also United States v. Adams,* 448 F.3d 492, 499 (2d Cir.2006).

In reaching this conclusion, we are mindful that a district court's obligation to "determine that there is a factual basis for [a guilty] plea," Fed.R.Crim.P. 11(b)(3), requires that it "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty," *United States v. Maher,* 108 F.3d 1513, 1524 (2d Cir.1997). "A court need not find that a jury would return a verdict of guilty, or even that it is more likely than

not that the defendant is guilty." *United States v. McFadden,* 238 F.3d 198, 200 (2d Cir.2001) (citing *United States v. Maher,* 108 F.3d at 1524). Thus, to the extent Maggiore specifically argues that the allocution was not sufficiently detailed to permit a finding of depraved indifference to human life, we reject the argument as without merit.

Maggiore nevertheless asserts that, even if counsel was not ineffective for failing to challenge the sufficiency of his guilty plea when entered in 2001, counsel was ineffective for failing to seek the plea's withdrawal at or before his 2004 sentencing because of intervening developments in New York law. Specifically, Maggiore points to *People v. Hafeez,* 100 N.Y.2d 253, 762 N.Y.S.2d 572, 792 N.E.2d 1060 (2003), a case in which the New York Court of Appeals reversed the depraved indifference murder conviction of a defendant who had acted as an accomplice to a long-planned and intentional stabbing. *Id.* at 258, 762 N.Y.S.2d 572, 792 N.E.2d 1060 (noting that planned revenge had been "plotted . . . for months in advance" and "culminated in a single deliberate wound to the chest that perforated the victim's heart. It was a quintessentially intentional attack directed solely at the victim."). Because the actions of the accomplice and the principal "were focused on first isolating, and then intentionally injuring, the victim," the Court of Appeals concluded that, as a matter of law, a jury could not find the accomplice to have acted with the "heightened recklessness" required for depraved indifference murder. *Id.* at 259, 762 N.Y.S.2d 572, 792 N.E.2d 1060.

This case is distinguishable from *Hafeez* in an important respect: Maggiore's conviction is based solely on a guilty plea, the facts of which were not indicative of intentional murder. Nowhere in the plea colloquy did petitioner admit or the gov-

ernment assert Maggiore's intent to kill Palazzotto. To the contrary, the only mental state supported by the guilty plea is recklessness. Maggiore acknowledged that, by driving a vengeful armed confederate towards Palazzotto, Maggiore recklessly ignored the serious risk that the confederate would fatally shoot Palazzotto (rather than firing the gun to maim or frighten the victim). To be sure, after Maggiore entered his plea but before his sentence, evidence was adduced at the trial of Palazzotto's alleged shooter suggesting that Maggiore intended the victim's death and may, in fact, have fired the fatal shot. Such an intentional taking of a human life necessarily precludes a finding that the defendant was indifferent to human life. *See People v. Payne,* 3 N.Y.3d 266, 271, 786 N.Y.S.2d 116, 819 N.E.2d 634 (2004) ("The use of a weapon can never result in depraved indifference murder when, as here, there is a manifest intent to kill."). But Maggiore has consistently denied any intent to murder, admitting only a reckless disregard for the serious risk to human life created by his actions. On this record, there is a factual basis to conclude that defendant acted under circumstances evincing a depraved indifference to human life, and his former counsel cannot be deemed to have rendered objectively unreasonable representation in failing to raise a sufficiency challenge to the guilty plea.

We have considered all of Maggiore's arguments and find them without merit. Accordingly, the judgment of the district court is AFFIRMED.