SUMMARY ORDER
The petitioner-appellant Shawn Grant appeals from a judgment of the district court entered June 15, 2007, denying his petition for a writ of habeas corpus. We assume the parties’ familiarity with the facts, procedural history, and specification of issues on appeal.
Grant has conceded the answer to the only question for which the district court issued a certificate of appealability. He does, however, ask the Court to review the separate question of whether the evidence presented at his trial was sufficient to support his conviction for depraved indifference murder. This Court may “construe the filing of a notice of appeal to be a request to this Court for a [certificate of appealability] on all issues raised in the appeal,” and may amend the certificate where “ ‘jurists of reason could disagree with the district court’s resolution of [the issue raised] ... or [where] jurists could conclude the issues presented are ade *377 quate to deserve encouragement to proceed further.’ ” Cotto v. Herbert, 331 F.3d 217, 236-37 (2d Cir.2003) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)).
We cannot amend the certificate in this case because Grant cannot meet the standard set forth above with regard to his sufficiency claim because it is clear that habeas review of this claim is barred. He concedes that he has proeedurally defaulted the sufficiency claim by failing to raise the claim in the trial court, and does not argue that he is actually innocent. See Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Accordingly, this Court may review the merits of his sufficiency claim only if Grant can show cause for the default and actual prejudice. See id. Grant attempts to show cause by arguing that he received constitutionally ineffective assistance of counsel when his trial counsel failed to raise a sufficiency objection.[2] “A defendant claiming ineffective assistance must (1) demonstrate that his counsel’s performance ‘fell below an objective standard of reasonableness’ in light of ‘prevailing professional norms,’ and (2) ‘affirmatively prove prejudice’ arising from counsel’s allegedly deficient representation.” United States v. Cohen, 427 F.3d 164, 167 (2d Cir.2005) (citation omitted) (quoting Strickland v. Washington, 466 U.S. 668, 688, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
Grant cannot show that his trial counsel’s performance fell below an objective standard of reasonableness. Under New York law at the time of Grant’s conviction and sentencing, where both depraved indifference and intentional murder were charged “in one-on-one shootings or knif-ings, these counts were submitted to the jury for it to sort out the defendant’s state of mind unless there was absolutely no evidence whatsoever that the defendant might have acted unintentionally.” Policano v. Herbert, 7 N.Y.3d 588, 825 N.Y.S.2d 678, 859 N.E.2d 484, 493 (2006). The only case even hinting that this rule might be called into question was People v. Hafeez, 100 N.Y.2d 253, 762 N.Y.S.2d 572, 792 N.E.2d 1060 (2003). The Hafeez court did no more than find, under the particular facts of that case, that there was no evidence that the defendant acted with anything other than intent to kill, and therefore that the defendant’s conviction for depraved indifference murder was improper. See id. at 1063. The failure of Grant’s attorney to make a sufficiency objection based on Hafeez does not mean that the attorney’s representation fell below an objective standard of reasonableness because — unlike in Hafeez, where the only reasonable conclusion was that the defendant intended to kill — a jury could reasonably conclude from the evidence presented at Grant’s trial that Grant intended only to injure his victim, putting Grant’s case squarely within the then-established rule that both intentional and depraved indifference murder counts could be submitted to the jury unless there was “absolutely no evidence whatsoever that the defendant might have acted unintentionally.” Policano, 825 N.Y.S.2d 678, 859 N.E.2d at 493.
Because Grant cannot show that his trial counsel’s performance was below an objective standard of reasonableness, he cannot show cause for his procedural default. Thus, we cannot review the merits of Grant’s sufficiency claim and accordingly we decline to amend the certificate of ap-pealability.
*378 For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

. We assume that Grant has not proeedurally defaulted his claim of ineffective assistance of his trial counsel.