OPINION OF THE COURT
Patrick J. McGrath, J.
The defendant seeks to vacate his judgment of conviction pursuant to CPL 440.10 (1) (h). The People have opposed the motion.
Factual Background
At trial, eyewitness accounts established that the defendant retrieved a gun from his residence and fired four to five times at close range at the decedent who sat alone in his car. The forensic examiner testified that the victim had been hit with four bullets and that one killed him. Defendant’s statement was received as evidence, in which he admitted the shooting, but claimed that he acted in self-defense because the victim attempted to stab him with a butcher knife in an earlier occurrence. The defendant testified in his own defense, denying that he was the shooter and that he had made the aforementioned statement.
Procedural History
By judgment rendered on September 14, 1999, defendant was convicted after a jury trial of “depraved indifference” murder in the second degree, under Penal Law § 125.25 (2), as well as criminal possession of a weapon in the second degree. He was acquitted of intentional murder in the second degree under Penal Law § 125.25 (1). On October 6, 1999, he was sentenced to 25 years to life incarceration.
On direct appeal, defendant asserted that this court erred in denying his suppression motion regarding his admissions, as well as in allowing the prosecutor to use the defendant’s juvenile adjudication to impeach him. The conviction was affirmed on January 3, 2002 (People v Pitts, 290 AD2d 580 [3d Dept 2002]). Defendant’s request for leave to appeal was denied on March 21, 2002 (People v Pitts, 97 NY2d 759 [2002]). Defendant’s conviction therefore became final on June 19, 2002. (See Policano v Herbert, 7 NY3d 588, 593 [2006], citing Clay v United States, 537 US 522, 527 [2003] and Rules of US Sup Ct rule 13 [1] [noting that a conviction becomes final when a defendant fails to file a petition for writ of certiorari in the U.S. Supreme Court within 90 days of the New York Court of Appeals’ denial of leave to appeal].)
*871 By pro se motion dated October 17, 2002, defendant moved this court to vacate his conviction pursuant to CPL 440.10 (1) (h), claiming that he was denied his right to a fair trial and an impartial jury because (1) the jury was exposed to inflammatory publicity about his case and (2) members of his race were excluded from the jury panel. On February 11, 2003, this court denied the motion without a hearing.
In a second pro se motion pursuant to CPL 440.10, the defendant moved this court to vacate his conviction, claiming a violation of his right to counsel, ineffective assistance of counsel, and an illegal delay in his arraignment. On October 17, 2003, this court denied the motion without a hearing.
In papers dated May 7, 2007, the defendant moved this court for a third time to vacate his conviction pursuant to CPL 440.10 based on two separate claims: (1) that the evidence presented during his trial reflected an intent to kill, and he was thus convicted of a crime that he did not commit, and (2) that his conviction must be reexamined in light of recent Court of Appeals cases, as well as preexisting law pertaining to reckless conduct. In the same vein, defendant also claims that his trial attorney’s failure to object to the inclusion of the depraved indifference count constituted ineffective assistance of counsel. This court denied the motion without a hearing on May 18, 2007, finding that these issues were unjustifiably absent from his appeal.
Defendant now brings the instant motion to vacate his conviction, stating that this court incorrectly decided his last CPL 440.10 motion. Defendant is attempting to renew and/or reargue his previous application, as he claims this court misapprehended matters of law on the prior motion, and that there has been a change in the law that would alter the prior determination. (CPLR 2221 [d], [e].)
Defendant’s Argument
Defendant relies on a line of Court of Appeals cases, wherein the law concerning depraved indifference evolved from the standard announced in 1983 in People v Register (60 NY2d 270 [1983]). In order to understand the evolving law one must consider the two separate elements of depraved indifference murder — recklessness and depraved indifference to human life. There has been no change in the law on recklessness. “[I]t has never been permissible in New York for a jury to convict a defendant of depraved indifference murder where the evidence produced at trial indicated that if the defendant committed the *872 homicide at all, he committed it with the conscious objective of killing the victim” (Policano v Herbert at 600 [internal quotation, marks omitted]). A person cannot act both intentionally and recklessly with respect to the same result and therefore depraved indifference murder is not and never has been considered a substitute for an intentional homicide (People v Register at 278-279). The act is either intended or not intended; it cannot simultaneously be both (People v Gallagher, 69 NY2d 525, 529 [1987]). Under the rule established in Register, “recklessness is the mens rea, and the only mens rea, of the crime” (People v Register at 278 [internal quotation marks omitted]). Register required an objective assessment of the degree of risk presented by defendant’s reckless conduct, not the subjective intent of the defendant.
The evolving change in law was only in relation to the second element of depraved indifference to human life. In People v Feingold (7 NY3d 288 [2006]), the Court of Appeals reaffirmed the long-standing rule of law that intentional and reckless conduct are mutually exclusive. Where intent exists, depraved indifference cannot logically be established (see People v Hafeez, 100 NY2d 253 [2003]; People v Gonzalez, 1 NY3d 464 [2004]; People v Payne, 3 NY3d 266 [2004]; People v Suarez, 6 NY3d 202 [2005]). However, the Court in Feingold overruled the single mens rea of recklessness under Register, and held that depraved indifference to human life is also a culpable mental state which must be analyzed from a subjective point of view (People v Feingold at 294).
Retroactivity
In Policano, the Court of Appeals held that New York law had evolved since its 2003 holding in Hafeez to encompass certain concepts regarding depraved indifference murder, specifically, that “a one-on-one shooting or knifing (or similar killing) can almost never qualify as depraved indifference murder” (Policano at 601, quoting Payne, 3 NY3d at 272) and that “[a] defendant may be convicted of depraved indifference murder when but a single person is endangered in only a few rare circumstances” {id., quoting Suarez at 212). The Court also held that retroactive application of these principles would “potentially flood the criminal justice system with CPL 440.10 motions to vacate convictions of culpable intentional murderers who were properly charged [under Register] and convicted of depraved indifference murder under the law as it existed at the time of their convictions.” {Policano at 604.) The Court in Policano *873 denied retroactive application of the Hafeez line of cases based on the three-part test enunciated in People v Pepper (53 NY2d 213, 220 [1981]), which requires analysis of “(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.” The second and third factors are only given substantial weight “when the answer to the retroactivity question is not to be found in the purpose of the new rule itself.” (Id.) Policano found that the purpose of the new rule, which was focused on making future prosecutions more sustainable, gave the compelling answer to whether retroactivity was applicable. The Court, quoting People v Suarez (6 NY3d 202, 217-218 [2005]), noted that “[defendants who commit[ ] vicious crimes but who may have been charged and convicted under the wrong section of the statute are not attractive candidates for collateral relief after their convictions have become final.” (Policano at 604 [emphasis supplied].) The Court further held that nonretroactivity would pose no danger of a miscarriage of justice. (Id.)
Mandatory Denial of CPL Article 440 Motion
Under section 440.10 (2) (c), a motion must be denied when
“sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant’s unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.”
This includes constitutional challenges based upon due process (see People v Saunders, 301 AD2d 869 [3d Dept 2003], lv denied 100 NY2d 542 [2003]). Since the change in the law regarding depraved indifference to human life is not retroactive, article 440 motions challenging depraved indifference murder convictions based upon intentional versus reckless conduct alone must be denied since the facts appear on the record and could have been raised on appeal (see People v Stewart, 36 AD3d 1156 [3d Dept 2007]; People v Hickey, 277 AD2d 511 [3d Dept 2000], lv denied 95 NY2d 964 [2000]).
DiGuglielmo Decision
Defendant claims that there has been “a change in the law” since his prior application in the form of People v DiGuglielmo *874 (21 Misc 3d 1103[A], 2008 NY Slip Op 51938[U] [2008]). In that case, defendant sought vacatur of his conviction based on the Court of Appeals jurisprudence mentioned above. The evidence at DiGuglielmo’s trial established that on October 3, 1996, defendant (an off duty police officer) pointed a handgun at the victim and fired three rounds, center mass, consistent with his police training. Defendant fired at the victim to stop him from beating defendant’s father with a baseball bat, and asserted the defense of justification. He was ultimately convicted of depraved indifference murder.
The Appellate Division affirmed defendant’s conviction and held that the verdict was not against the weight of the evidence (People v DiGuglielmo, 258 AD2d 591 [2d Dept 1999]). Defendant was denied leave to appeal in 1999 (People v DiGuglielmo, 93 NY2d 923 [1999]). Defendant’s conviction became final in August of 1999. Defendant also filed various writs in federal court and the state appellate court all of which were denied. Defendant filed a 440 motion based upon the new law concerning depraved indifference to human life and insufficient evidence. In 2004, the Honorable Joseph Alessandro denied defendant’s 440 motion in its entirety finding that a challenge to the sufficiency of the evidence presented at trial was not proper under CPL 440.10 and the change in the law was not retroactive. In September of 2006 defendant filed another 440 motion before Judge Bellantoni asserting the change in the law should be retroactive and he was denied due process since there was insufficient evidence to support the depraved murder charge.
Judge Bellantoni granted defendant’s 440 motion concluding that there was insufficient evidence at trial to support the reckless element of depraved indifference murder, since “[i]t is unquestionable that there is no evidence that Defendant DiGuglielmo acted unintentionally” (2008 NY Slip Op 51938[U], *7). However, the Judge held that the defendant did not fall within the class of people who should not benefit from a retroactive application of the Policano ruling, as he was not properly charged (under Register) at the time of his conviction. His decision went on to provide that “Policano does not prevent collateral review and relief in all cases, though it severely limits it . . . Collateral retroactive relief is only barred in cases where the depraved indifference murder conviction was arguably proper under a Register standard” (2008 NY Slip Op 51938[U], *12 n 16).
Judge Bellantoni’s holding that there is a class of defendants who fall outside the nonretroactivity of the new rule announced *875 in Feingold is without basis under New York law. However, Judge Bellantoni was correct when he indicated “it may seem at this point that the Court has overstepped its authority to act” (2008 NY Slip Op 51938[U], *9).
While the facts of DiGuglielmo would not have allowed both depraved indifference and intentional murder to go to the jury today, the Court of Appeals clearly stated that post-Sanchez law would not be applied retroactively. The Court had taken into consideration those properly and improperly charged and/or convicted under Register when it stated that “[defendants who commit[ ] vicious crimes but who may have been charged and convicted under the wrong section of the statute are not attractive candidates for collateral relief after their convictions have become final” (Policano v Herbert, 7 NY3d at 604 [emphasis supplied], quoting People v Suarez at 217-218). Whether justice is served by this holding is debatable. It is likely that if these cases could be considered on collateral review, many depraved indifference convictions would be overturned. Judge Bellantoni raised critical points about why Policano is questionable. He noted that “People should not remain in jail, potentially for the rest of their lives, because their lawyer did not get to the Court of Appeals first.” (2008 NY Slip Op 51938[U], *11.) However, the Court of Appeals did not qualify its holding on retroactivity, and DiGuglielmo seeks to carve a distinction where none was made. While there is ample room for debate on what the Court of Appeals should have done in these cases, the lower courts have been provided with clarity on what the Court of Appeals has done.
Judge Bellantoni ignored the mandatory denial requirements of CPL 440.10 (2) in granting the defendant’s 440 motion. He legally maneuvered around subdivision (2) by incorrectly relying upon subdivision (3) of CPL 440.10. In footnote 18 of Judge Bellantoni’s decision he indicated,
“[a]s set forth more fully in C.PL. § 440.10(3), ‘although the court may deny the motion under any of the circumstances specified in this subdivision, in the interest of justice and for good cause shown it may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment.’ ” (2008 NY Slip Op 51938[U], *14 n 18.)
Subdivision (3) of CPL 440.10 deals with the situation where the facts in support of the motion do not appear on the record but could have appeared on the record if the defendant exercised *876 due diligence. Only in that situation does a court have discretion in denying the motion. Judge Denzer’s original Practice Commentary gave an example of such a situation, a 440 motion based upon allegedly prejudicial newspaper publicity before and during the trial:
“Such a claim can be made and placed upon the record before or during trial in the form of a motion for an adjournment or for a change of venue, and in such case the point would be reviewable upon appeal from the judgment of conviction. If the defendant never mentioned the matter at the trial and hence precluded appellate review thereof, the court may on that ground alone deny the motion, although it may, if it chooses, disregard the defendant’s laxity and entertain the motion notwithstanding.” (Cited in Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 440.10, at 250-251.)
Issues concerning legal sufficiency of evidence are always within the four corners of the record and therefore come under subdivision (2) of CPL 440.10, which requires that a court must deny a motion to vacate a judgment. This is exactly what Judge Alessandro did in denying defendant DiGuglielmo’s first 440 motion based upon the same grounds. Therefore, Judge Bellantoni was required by statute and precedent to deny the defendant’s second 440 motion in spite of how unjust it may have seemed to him. A judge should follow the law, not create it.
Defendant also requests relief based on the Court of Appeals’ recent decision of People v Hawkins (11 NY3d 484 [2008]). In that case, the Court addressed preservation. Hawkins was charged with depraved indifference murder. At the end of the prosecutor’s case, the defense moved for a trial order of dismissal:
“I respectfully submit that the People have failed to prove a prima facie case of Depraved Indifference Murder. Not only have they failed to prove a prima facie case that my client Bryan Hawkins was the perpetrator of the homicide . . . but they failed to prove that Mr. Hawkins acted with Depraved Indifference Murder in that matter.” (Id. at 489.)
The Court of Appeals held that the motion
“did little more than argue that the People failed to prove the essential elements of depraved indifference murder. The objection could have been directed *877 at either the reckless mens rea element, or the objective circumstances evincing a wanton, depraved indifference to human life, and did not alert the trial court to the argument now being advanced: that defendant acted intentionally, not recklessly, in killing the victim. Defendant did not preserve that legal question for our review.” (Id. at 493.)
The court does not see any connection between the Hawkins case, which concerned the specificity of objection necessary to preserve an issue for direct appeal, and the instant matter. Aside from both cases concerning a charge of depraved indifference murder, the instant defendant does not address any further issues that concern preservation. Thus, this case cannot serve as a basis to renew or reargue the defendant’s prior motion.
Since the law has not changed since this court’s prior 440 decisions, defendant’s current motion is denied without a hearing.