Johnson v. Bellnier

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand thirteen.

PRESENT:

    John M. Walker, Jr.,
    Robert A. Katzmann,
    Debra Ann Livingston,
            Circuit Judges.

----------------------------------------------X

KEITH JOHNSON,

                Petitioner-Appellee,

        - v. -                                No. 11-3488-pr

J.F. BELLNIER, Superintendent,

                Respondent-Appellant.

----------------------------------------------X

FOR APPELLEE:              ELIZABETH DELAHUNTY (Stephen N.
                          Dratch *on the brief*), Franzblau
                          Dratch, P.C., Livingston, NJ, *for*
                          Petitioner-Appellee.

FOR APPELLANT:                    SOLOMON NEUBORT (Leonard Joblove *on the brief*), Kings County District Attorney's Office, Brooklyn, NY, *for* Respondent-Appellant.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **REVERSED**.

J.F. Bellnier, for the State of New York ("the State"), appeals from the district court's grant of Keith Johnson's petition for habeas corpus.  Johnson was earlier convicted of depraved indifference murder under New York law.  The State argues that Johnson procedurally defaulted on his legal insufficiency claim in New York courts, and that he cannot show "actual innocence" which would allow a federal habeas court to review his claim despite the procedural bar.  The district court, adopting the report and recommendation of a magistrate judge, held that based on the change in the underlying state law pertaining to depraved indifference murder, Johnson had proven his "actual innocence" of that crime, such that it could reach the substance of his legal insufficiency claim.  Finding that the facts of Johnson's case did not support conviction under New York's then-current depraved indifference murder *mens rea* requirement, the district court granted Johnson's petition for

-2-

habeas corpus. See Johnson v. Bellnier, 2011 WL 3235708, No. 09-cv-00381, (E.D.N.Y. July 27, 2011).

The following evidence was presented against Johnson at trial. On September 23, 2002, while riding with friends, Johnson spotted Calvin Chandler driving Johnson's car without permission. Johnson climbed into the driver's seat, Chandler moved to the passenger seat, and a third friend got in the back. At some point, individuals in the two cars stopped for beer and cigars. They then met up at the Marlboro Houses, located in a residential area in Brooklyn.

One man, whom Johnson later said he did not know, hit Chandler over the head with a gun. Chandler fell to the ground, but then stood up and approached Johnson, who took a gun from another friend. Chandler fled, and Johnson pursued him, firing at him approximately ten times. Six of the bullets struck Mr. Chandler, two fatally. According to experts, all shots were fired from the same gun and were fired from more than eighteen inches away. After the shooting, Johnson fled the crime scene, later traveling to Virginia before returning to New York and meeting with police.

Johnson confessed to the above events, both in writing and on videotape. He also stated that he feared that if Chandler left the scene, then he (Johnson) "would have been dead" and that he had "no choice" but to chase down and shoot Chandler.

-3-

Johnson was indicted and charged with intentional murder and depraved indifference murder under New York Penal Law §§ 125.25 (1) and (2). The *mens rea* required to convict a person of depraved indifference murder was different at the time of Johnson's trial than it is now. Johnson was convicted on June 18, 2003, under the standard articulated in People v. Register, 60 N.Y.2d 270 (1983). A recent opinion of this Court summarized the Register requirements:

> Under the so-called "Register regime," in order to convict a defendant on a charge of depraved-indifference murder, a jury was required to find, beyond a reasonable doubt, that the defendant "(1) recklessly engaged in conduct (2) which created a grave risk of death to another person (3) thereby causing the death of another person (4) under circumstances evincing a depraved indifference to human life." Policano v. Herbert, 7 N.Y.3d 588, 602 (2006) (summarizing the law as of June 28, 2001). The *mens rea* for depraved-indifference murder was recklessness, and the statutory phrase "'under circumstances evincing a depraved indifference to human life' defined the factual setting, viewed objectively, in which the risk-creating conduct occurred." Id.

Epps v. Poole, 687 F.3d 46, 51 (2d Cir. 2012). In a series of cases between 2003 and 2006, including People v. Hafeez, 100 N.Y.2d 253 (2003), People v. Gonzalez, 1 N.Y.3d 464 (2004), People v. Payne, 3 N.Y.3d 266 (2004), People v. Suarez, 6 N.Y.3d 202 (2005), and People v. Feingold, 7 N.Y.3d 288 (2006), the law incrementally changed, and in Feingold, the New York Court of

-4-

Appeals overturned the rule in Register by changing the *mens rea* requirement from recklessness to depraved indifference to human life. See Epps, 687 F.3d at 51-52.

The substance of New York's crime of depraved indifference murder is not at issue in this case, which focuses instead on petitioner's procedural rights to federal habeas review. This court reviews a district court's grant of a habeas corpus petition de novo. Somerville v. Hunt, 695 F.3d 218, 221 (2d Cir. 2012). Johnson does not argue that he properly preserved his legal insufficiency argument; rather, he asserts only that his case falls in the small group of cases to which an equitable exception for "miscarriage of justice" applies.

In most cases, a petitioner who is procedurally barred from making a legal insufficiency argument in state court must show "cause" for and "prejudice" from the procedural default in order to obtain federal habeas review of a defaulted constitutional claim. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Although "for the most part, 'victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard,'" "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Murray v. Carrier, 477 U.S. 478, 496 (1986) (internal citations omitted).

Establishing actual innocence is not easy. "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327–28 (1995)). Actual innocence requires "factual innocence, not mere legal insufficiency." Id. A claim of actual innocence "is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993).

For the purposes of this order, we assume without deciding that Johnson's procedural default could be excused. Even with this assumption, however, Johnson cannot make out a valid legal insufficiency claim.[1] In cases challenging the sufficiency of the evidence of a state-court criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). On the trial record, a rational trier of fact could have

---

[1] Johnson contends that the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply in this case. Since we conclude that Johnson's claim fails even without applying § 2254(d), we need not reach the issue.

found Johnson guilty of depraved indifference murder beyond a reasonable doubt.  Merely arguing that his killing of Chandler was intentional is insufficient.  Johnson fired a gun approximately ten times down a street in the dark at a fleeing victim.  He fled not only the scene of the crime, but the state, soon after the shooting.  A reasonable jury could have concluded that Johnson's actions illustrated depraved indifference not only to Chandler, but also to any other people on the street that could have been struck by his bullets.  Similar to another recent decision, <u>Garbutt v. Conway</u>, which also contemplated the possibility of an intentional murder, "a reasonable jury could equally have found that [Johnson] had struck out . . . without specifically intending to cause death, but with an awareness that his conduct could have deadly consequences."  668 F.3d 79, 82 (2d Cir. 2012).

For the foregoing reasons, the district court's judgment is **REVERSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

-7-