# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**9**

**KA 13-00189**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ODELL WILKENS, ALSO KNOWN AS ODELL WILKINS,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

ODELL WILKENS, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Thomas P. Franczyk, J.), dated December 11, 2012. The order denied the motion of defendant pursuant to CPL 440.10 (1).

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum:

Defendant appeals from an order denying his pro se motion pursuant to CPL article 440 seeking to vacate that part of a judgment convicting him, following a jury trial, of depraved indifference murder (Penal Law § 125.25 [2]). In his motion, defendant contended that he was convicted of that crime in violation of his right to due process under the state and federal constitutions (*see* CPL 440.10 [1] [h]), inasmuch as the evidence at trial was legally insufficient to establish that he acted with the requisite mens rea for depraved indifference murder. Although defendant challenged the sufficiency of the evidence on direct appeal and we affirmed (*People v Wilkens*, 8 AD3d 1074, *lv denied* 3 NY3d 683), defendant asserted in his motion that the common law definition of "depraved indifference" was thereafter changed in his favor by the Court of Appeals before his judgment became final. County Court denied defendant's motion without a hearing, concluding that the law regarding depraved indifference murder did not change until *People v Feingold* (7 NY3d 288), which was decided after defendant's judgment became final. We do not agree with the court's determination in that regard, and we therefore remit the matter to County Court for a ruling on the merits of defendant's

motion.

On July 31, 2001, defendant shot and killed the victim at a recreation center in Buffalo. The shooting occurred after defendant argued with the victim over whose team would play the next game of basketball. Following the argument, defendant left the recreation center and then returned approximately 10 minutes later with a loaded handgun, which he used to shoot the victim once in the torso from close range. The bullet passed through the victim's kidney, liver, diaphragm and aorta, causing his death. No other shots were fired. Defendant was thereafter arrested and charged with intentional murder, depraved indifference murder, and criminal possession of a weapon in the second degree. At trial, defendant testified that the shooting was accidental, and that the gun somehow discharged while he was struggling with the victim. The jury acquitted defendant of intentional murder but convicted him of depraved indifference murder and the weapons offense.

On appeal, we concluded that, because defendant made only a general motion for a trial order of dismissal, his challenge to the sufficiency of the evidence was not preserved for our review (*Wilkens*, 8 AD3d at 1074-1075). We further concluded that, in any event, defendant's contention lacked merit. We wrote in relevant part: "We reject defendant's contention that the evidence supports only a theory of intentional murder and not depraved indifference murder (*see e.g. People v Gonzalez*, 1 NY3d 464 [2004]). Although the evidence at trial could support the conclusion that defendant intended to kill the victim, it also could support the conclusion that, under circumstances evincing a depraved indifference to human life, defendant recklessly engaged in conduct that created a grave risk of death to another person (*see* Penal Law § 125.25 [2])" (*id.* at 1075). On August 4, 2004, the Court of Appeals denied defendant's application for leave to appeal, meaning that the judgment became final 90 days later, on November 2, 2004 (*see Policano v Herbert*, 7 NY3d 588, 593).

At the time of defendant's trial, in 2002, the elements of depraved indifference murder were defined by *People v Register* (60 NY2d 270, *cert denied* 466 US 953), which held that the statutory language "under circumstances evincing a depraved indifference to human life" did not identify a culpable mental state, or mens rea; instead, the "depraved indifference" language stated "a definition of the factual setting in which the risk creating conduct must occur" (*id.* at 276). In other words, recklessness was the mens rea for depraved indifference murder (*see Policano*, 7 NY3d at 597). Beginning in 2003, however, the Court decided a series of cases — including *People v Hafeez* (100 NY2d 253), *People v Payne* (3 NY3d 266, *rearg denied* 3 NY3d 767) and *People v Suarez* (6 NY3d 202) — that culminated in 2006 with *People v Feingold* (7 NY3d 288), which explicitly overruled *Register* and held that "depraved indifference to human life is a culpable mental state" (*id.* at 294). Defendant's judgment became final after *Hafeez* and *Payne* but before *Suarez* and *Feingold*.

As noted, the motion court determined that the law regarding depraved indifference murder did not change until *Feingold*, and that

defendant is therefore not entitled to any benefit under the new law. We agree with the Third Department, however, that "the law changed on October 19, 2004, when the Court decided *People v Payne*" (*People v Baptiste*, 51 AD3d 184, 185, *lv denied* 10 NY3d 932; *see generally Epps v Poole*, 687 F3d 46, 55, *cert denied* ___ US ___, 133 S Ct 1499; *Baptiste v Ercole*, 766 F Supp 2d 339, 353-355).  Indeed, it was in *Payne* that the Court of Appeals first held that, absent unusual circumstances, "a one-on-one shooting or knifing (or similar killing) can almost never qualify as depraved indifference murder" (3 NY3d at 272).  Although the new law on depraved indifference murder does not apply retroactively to judgments that became final prior to the change (*see Policano*, 7 NY3d at 603-604), defendant's judgment of conviction did not become final until after *Payne* was decided.

We therefore hold the case, reserve decision and remit the matter to County Court for a ruling on the merits of defendant's motion.

Entered:  March 20, 2015                          Frances E. Cafarell
                                                  Clerk of the Court