People v Hernandez (2018 NY Slip Op 08690)





People v Hernandez


2018 NY Slip Op 08690


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2017-04410
 (Ind. No. 2357/99)

[*1]The People of the State of New York, respondent,
v
Thomas Hernandez, appellant.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeal, by permission, from an order of the Supreme Court, Queens County (Richard L. Buchter, J.), dated April 2017. The order, without a hearing, denied the defendant's motion pursuant to CPL 440.10 to vacate so much of a judgment of the same court rendered March 23, 2001, as convicted him of murder in the second degree under Penal Law § 125.25(2), upon a jury verdict, and imposed sentence on that count.
ORDERED that the order is reversed, on the law, the defendant's motion pursuant to CPL 440.10 to vacate so much of the judgment rendered March 23, 2001, as convicted him of murder in the second degree under Penal Law § 125.25(2) is granted, so much of the judgment as convicted him of murder in the second degree under Penal Law § 125.25(2) is vacated, the sentence imposed under that count of the indictment is vacated, and that count of the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see People v Beslanovics, 57 NY2d 726), and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering a securing order pursuant to CPL 470.45.
The defendant was convicted following a jury trial of depraved indifference murder (Penal Law § 125.25[2]), on an acting in concert theory, and criminal possession of a weapon in the fourth degree (Penal Law § 265.01[2]), based upon evidence that on April 23, 1999, he and three others beat the teenage victim to death. During the attack, the defendant struck the victim in the head several times with a baseball bat, while the others struck and kicked the victim in his torso, arms, and legs. The victim died from blunt impact injuries to the head, which were consistent with being hit on the head seven times with a baseball bat. At trial, the defendant testified that he merely kicked the victim. The trial court charged the jury with intentional murder, depraved indifference murder, and three counts of criminal possession of a weapon in the fourth degree. At the defendant's request, the trial court also submitted the lesser-included offenses of manslaughter in the first and second degrees. The jury acquitted the defendant of intentional murder, but convicted him of depraved indifference murder and one of the weapon possession counts. In accordance with the trial court's instructions, having convicted the defendant of murder in the second degree, the jury returned no verdict on either of the lesser-included manslaughter charges. The jury acquitted the defendant of the other two weapon possession charges. The defendant appealed.
On appeal, the defendant did not challenge the legal sufficiency or weight of the [*2]evidence of depraved indifference murder. This Court affirmed the conviction (see People v Hernandez, 11 AD3d 479). The Court of Appeals denied leave to appeal on November 17, 2004 (see People v Hernandez, 3 NY3d 757), and the defendant's conviction became final on February 15, 2005 (see Policano v Herbert, 7 NY3d 588, 593; see also Clay v United States, 537 US 522, 527).
In 2016, the defendant moved pursuant to CPL 440.10 to vacate so much of the judgment as convicted him of depraved indifference murder, contending that the evidence at trial was legally insufficient to establish that he acted with the requisite mens rea for depraved indifference murder. Although the defendant did not challenge the legal sufficiency of the evidence on direct appeal, the defendant's motion sought retroactive application of the Court of Appeals' decision in People v Payne (3 NY3d 266), which was decided 15 days after this Court affirmed the defendant's judgment of conviction, but before the conviction became final. The Supreme Court denied the motion without a hearing, concluding that the law regarding depraved indifference murder did not change until People v Feingold (7 NY3d 288), which was decided after the defendant's conviction became final, and the new law does not apply retroactively to convictions that became final prior to the change. The court concluded, alternatively, that the motion was subject to the mandatory procedural bar of CPL 440.10(2)(c). We reverse.
At the time of the defendant's trial, in 2001, the elements of depraved indifference murder were defined by People v Register (60 NY2d 270), which held that the statutory language "under circumstances evincing a depraved indifference to human life" did not identify a culpable mental state, or mens rea; instead, the "depraved indifference" language stated "a definition of the factual setting in which the risk creating conduct must occur" (id. at 276). In other words, recklessness was the mens rea for depraved indifference murder (see Policano v Herbert, 7 NY3d at 597). Beginning in 2003, however, the Court of Appeals decided a series of appeals—including People v Hafeez (100 NY2d 253), People v Payne (3 NY3d 266), and People v Suarez (6 NY3d 202)—that culminated in 2006 with People v Feingold (7 NY3d 288), which explicitly overruled People v Register and People v Sanchez (98 NY2d 373), and held that "depraved indifference to human life is a culpable mental state" (People v Feingold, 7 NY3d at 294). The defendant's conviction became final after Hafeez and Payne but before Suarez and Feingold.
As noted, the motion court determined that the law regarding depraved indifference murder did not change until People v Feingold, and that the defendant is therefore not entitled to any benefit under the new law (see People v DiGuglielmo, 17 NY3d 771, 772-773; Policano v Herbert, 7 NY3d at 603-604). However, in People v Wilkens (126 AD3d 1293) and People v Baptiste (51 AD3d 184), the Third and Fourth Departments of the Appellate Division each held that the law changed on October 19, 2004, when the Court of Appeals decided People v Payne. We agree with the Third and Fourth Departments that People v Payne signaled the change in the law of depraved indifference murder. The Court of Appeals in People v Hafeez was still relying on the old People v Register standard (see People v Hafeez, 100 NY2d at 259), and it was not until People v Payne that the Court of Appeals first held that, absent unusual circumstances, "a one-on-one shooting or knifing (or similar killing) can almost never qualify as depraved indifference murder" (People v Payne, 3 NY3d at 272). Although the new law on depraved indifference murder does not apply retroactively to convictions that became final prior to the change (see Policano v Herbert, 7 NY3d at 603-604), here, the defendant's conviction did not become final until after People v Payne was decided. Thus, he is entitled to a determination on the merits of his motion under the standard espoused in People v Payne unless, as the People argue, he is procedurally barred by CPL 440.10(2)(c) from bringing a motion to vacate his conviction.
CPL 440.10(2)(c) provides that a motion to vacate a judgment of conviction must be denied when the trial record contains sufficient facts that would have allowed for "adequate review of the ground or issue raised . . . [but] no such appellate review or determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected" (CPL 440.10[2][c]; see People v Cuadrado, 9 NY3d 362, 364-365; People v Lebron, 128 AD3d 851, 852; People v Hamilton, 115 AD3d 12, 20; People v DiGuglielmo, 75 AD3d 206, 211, affd 17 NY3d 771). Under the unique circumstances of this case, where the cases here relied upon—Hafeez and Payne—had not yet been decided at the time that the direct appeal was perfected, we find that the failure to challenge the legal sufficiency of the evidence on direct appeal was [*3]justified. Contrary to the People's contention, our denial of the defendant's application for a writ of error coram nobis does not establish that the defendant was unjustified in failing to raise the issue on appeal given the state of the law at the time of the appellate representation.
Turning to the merits of the motion, the trial evidence was not legally sufficient to support a verdict of guilt of depraved indifference murder (see People v Payne, 3 NY3d 266). Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPL 440.10 to vacate so much of the judgment of conviction as convicted him of depraved indifference murder, and dismissed that count of the indictment.
The People's remaining contentions are without merit.
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court